Kaufman and Broad, Inc. *v.* Board of Supervisors, West Whiteland Township.

Katamoonchink Corporation, Substituted Appellant.

Board of Supervisors of West Whiteland Township, Appellant *v.* Kaufman and Broad, Inc. (Katamoonchink Corporation, Substituted Plaintiff), Appellee.

Argued November 17, 1981, before President Judge CRUMLISH, JR. and Judges MENCER, ROGERS, CRAIG and MACPHAIL.

*William H. Mitman*, for appellant.

*William H. Lamb, Lamb, Windle & McErlane,* for appellee, Board of Supervisors of West Whiteland Township.

OPINION BY JUDGE MENCER, March 30, 1982:

Katamoonchink Corporation (petitioner) has appealed from a decision of the Court of Common Pleas of Chester County which ordered partial approval of a development plan which had been rejected by the Board of Supervisors of West Whiteland Township (Board) in the context of curative amendment proceedings. We modify and affirm.

This controversy began in 1974 when the petitioner's predecessor-in-title, Kaufman and Broad, Inc., submitted a curative amendment to the Board, pursuant to Section 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004. Kaufman and Broad asserted that the then applicable zoning ordinance of 1965 was defective because it excluded "townhouse units, fourplex and condominium units." We considered this assertion in *Kaufman & Broad, Inc. v. West Whiteland Supervisors,* 20 Pa. Commonwealth Ct. 116, 340 A.2d 909 (1975) *(Kaufman &*

*Broad I)*, and held that (1) the ordinance improperly excluded "townhouses" and (2) the ordinance did not exclude "condominiums" since that term describes a form of ownership, not a type of use. We were unable to determine whether the ordinance excluded "fourplexes" since that term had not been previously defined, so we remanded the case for further consideration.

The court below directed the Board to conduct additional proceedings to define the term "fourplex" and to determine whether the term described an excluded use. The Board conducted an evidentiary hearing and found:

1. The term 'fourplex' is a term used merely to describe four living units either back to back or on top of each other.

2. Such units characteristically have separate entrances for each unit.

3. The form of ownership of such units varies.

4. The units can either be owned as apartments or as single family dwellings, with common party walls.

The Board's fifth finding of fact is really a legal conclusion which states:

5. Such units were not excluded from the Zoning Ordinance of 1965 of West Whiteland Township.

Additional conclusions set forth as findings of fact indicate the Board's belief that the petitioner's development plans were controlled by 1974 amendments to the zoning ordinance which applied because of the pending-ordinance doctrine and that neither fourplexes nor townhouses were excluded under the 1974 amendments.

The pending-ordinance doctrine states that a proposed ordinance which serves to correct defects in an otherwise invalid zoning ordinance and which is validly pending at the time of the filing of a curative amendment may serve as a justification for a municipality's denial of the curative amendment. *Highley v. East Whiteland Township*, 28 Pa. Commonwealth Ct. 313, 368 A.2d 914 (1977). But an ordinance is not validly pending until the governing body "proposes or resolves to consider a new zoning ordinance, makes the proposal open to public inspection and advertises that the proposal will be considered at a forthcoming meeting." *Monroeville v. Effie's Ups & Downs*, 12 Pa. Commonwealth Ct. 279, 284, 315 A.2d 342, 345 (1974). The only testimony presented to the Board in these proceedings on the pending-ordinance issue was that of Mr. Kramer, the West Whiteland Township Manager, who testified that the 1974 amendments were first advertised *after* Kaufman and Broad submitted their curative amendment proposal.[1] Therefore, the pending-ordinance doctrine has no applicability here.

The record in these proceedings is totally devoid of evidence which would support the Board's conclusion that fourplex units were not excluded by the 1965 zoning ordinance. Based upon the Board's first four findings, however, we are now in a position to make an independent determination of the question.

The Board defines "fourplex" as a group of four single-family dwellings with common-party walls and

---

[1] Finding of fact 13 says that "the Appellant testified that Appellant tried to model its plan towards the new, proposed ordinance." We are unable to find this testimony in the record in this case. Indeed, the entire question of the 1974 amendments was beyond the scope of our remand order in *Kaufman & Broad I*.

separate entrances.[2] This definition is almost identical to the generic definition of the term "townhouse" used by Judge KRAMER in *Dublin Properties v. Upper Dublin Township*, 21 Pa. Commonwealth Ct. 54, 342 A.2d 821 (1975), except that a fourplex is limited to four units while a townhouse may have any number of units greater than one.[3] From this, we conclude that the term "fourplex", as it is used in the Kaufman and Broad proposal, is merely a subset of the generic term "townhouse." Since the original zoning ordinance excluded townhouses, a fortiori it excluded fourplexes.

Our resolution of this issue has greatly simplified the disposition of the remainder of the appeal. The court below ordered partial approval of the proposed development, allowing the townhouse units to be built but disallowing the fourplexes. If townhouses and fourplexes were distinct *types of use,* then this exercise of discretion would have been proper under the guidelines set forth in *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975), and reiterated in *Kaufman & Broad I.* Since we have concluded that the terms "townhouse" and "fourplex" represent the same *type of use,* however, we can find no rational basis for approving the one and not approving the other. The court below obviously concluded that the construction

---

[2] One of the key features which distinguishes a fourplex from an apartment house is the presence of separate entrances. If fourplexes were a type of apartment house, then they would have been permitted by the 1965 zoning ordinance.

[3] A traditional townhouse contains units which are only connected in a *side-to-side* configuration, while the fourplexes proposed by the petitioner are connected side to side and back to back. This difference in configuration, however, is a difference in esthetic design and not a difference in *use.*

474

of the townhouse units would not be detrimental to the township, so we will modify its order to grant approval of all of the single-family units with common-party walls and separate entrances proposed by the petitioner, including those identified on the plans as "fourplexes," and affirm the order as modified. The petitioner may proceed with its development, subject, of course, to any applicable building-code restrictions.

Order affirmed as modified.

ORDER

AND Now, this 30th day of March, 1982, the order of the Court of Common Pleas of Chester County, dated February 23, 1976, is modified to include, as an approved portion of the plan submitted by Kaufman and Broad, Inc., single-family units with common-party walls and separate entrances, designated "fourplexes," and, as so modified, said order is hereby affirmed.

Judge PALLADINO did not participate in the decision in this case.