Valley Brook Land Development Co., Appellant
*v.* East Whiteland Township, Appellee.

Argued December 13, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*Ronald M. Agulnick, Pitt, Agulnick, Supplee, Johnson & Slade,* for appellant.

*Ronald C. Nagle, Buckley, Nagle, Gentry, McGuire & Morris,* for appellee.

OPINION BY JUDGE MACPHAIL, March 9, 1983:

Valley Brook Land Development Company (Appellant) has appealed from an order of the Court of Common Pleas of Chester County which affirmed a denial of Appellant's challenge to the validity of the zoning ordinance of East Whiteland Township. We affirm.

Appellant is the equitable owner of a tract of land comprising approximately 21 acres in East Whiteland Township. The land is presently zoned "R-1", a residential district which permits single-family detached dwellings. Appellant proposes to construct what is variously characterized in the record as "two-family, semi-detached dwellings", "twin duplexes", "quadruplexes" or "Maisonettes". As proposed, each four unit building would consist of two stories with two dwelling units on each floor. The units would have separate entrances with a party wall dividing the building vertically into two duplexes. Appellant pro-

poses to convey each duplex and half of the building lot in fee simple to purchasers, with an extension of the party wall line constituting the boundary dividing the lot into separate properties. It is undisputed that the proposed use is not one which is permitted in the "R-1" district.

Appellant filed a petition for a curative amendment with the Board of Supervisors of East Whiteland Township (Board)[1] alleging that its proposed use is unconstitutionally excluded by the zoning ordinance. We have carefully reviewed the briefs and records in this case and are in complete agreement with the conclusion reached by the court of common pleas and the Board that Appellant's proposed use may be constructed by special exception in the "R-4" residential district as a "multi-family dwelling", as that term is defined in the zoning ordinance.[2] Therefore, we shall affirm on the basis of the able opinion of Judge SUGERMAN, *Valley Brook Land Development Co. v. East Whiteland Township,*       Pa. D. & C. 3rd       (1981).

ORDER

The order of the Court of Common Pleas of Chester County, dated September 18, 1981, is hereby affirmed.

---

[1] *See* Sections 609.1 and 1004(1)(b) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10609.1 and 11004(1)(b).

[2] Since we agree with the conclusion that Appellant's proposed use is not excluded from the ordinance, we need not determine whether the "Maisonette" is a discrete and recognized form of housing. We, accordingly, offer no opinion as to the effect of our recent decision in *Kaufman & Broad, Inc. v. West Whiteland Township,* 65 Pa. Commonwealth Ct. 469, 442 A.2d 1220 (1982) (a "fourplex" with common walls connected side to side and back to back is a subset of the generic term "townhouse") might have on this issue.