537 A.2d 978

Lower Southampton Township Board of Supervisors and Toni and Aris Pasles, Appellants *v.* Herbert Schurr, Appellee.

Argued December 14, 1987 before Judges CRAIG, BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Donald A. Semisch, Semisch and Semisch,* with him, *Daniel J. Lawler, Lawler and Gonzales,* for appellant.

*E. Dillwyn Darlington,* for appellee.

OPINION BY JUDGE CRAIG, February 23, 1988:

The Lower Southampton Township Board of Supervisors appeals an order issued by Judge GEORGE T. KELTON for a panel of the Court of Common Pleas of Bucks County, reversing a decision of the township's zoning hearing board and granting Herbert Schurr's application to operate an auto salvage yard.

This appeal presents an issue of first impression: What is a trial court's scope of review of a zoning hearing board when, after the courts have concluded that a zoning ordinance is exclusionary, the trial court, upon remand to it under section 1011(2) of the Pennsylvania Municipalities Planning Code,[1] has further referred the matter to the zoning hearing board to determine site suitability?

---

[1] Section 1011 of the Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11011(2).

Because we conclude that section 1011(2) of the MPC gives the trial court broad discretion in these matters, the trial court is not bound by the findings of the zoning hearing board and may review the issue of site suitability de novo. Moreover, because we conclude that the trial court did not abuse its discretion in conducting its de novo review of the evidence regarding site suitability, we affirm.

The antecedent history of the case has been settled. Herbert Schurr proposed to operate an automobile salvage business on 5.5 acres of an approximately 19-acre tract in Lower Southampton Township. The township refused to issue a zoning permit, and on July 24, 1980, Schurr's petition challenged the validity of the existing ordinance as exclusionary, and requested a curative amendment pursuant to section 609.1 and 1004(1)(b) of the MPC.[2] After hearings, the township board of supervisors denied Schurr's application.

Schurr appealed to the Court of Common Pleas of Bucks County which held the zoning ordinance to be exclusionary. The township appealed to this court, and we affirmed in *Lower Southampton Township Board of Supervisors v. Schurr*, 72 Pa. Commonwealth Ct. 322, 456 A.2d 702 (1983). This court modified the trial court's order by stating "that locational site suitability be considered by the appropriate zoning authorities prior to the issuance of a zoning permit. We emphasize that this site review may *not* be used in a retributory manner to frustrate Appellee in receiving relief from what has already been determined to be an exclusionary ordinance." *Id*. 72 Pa. Commonwealth Ct. at 329-30, 456 A.2d at 706. (Emphasis in original.)

Pursuant to this court's opinion and order, Judge KELTON referred the matter to the township zoning hear-

---

[2] 53 P.S. §§10609.1, 11004(1)(b).

ing board for a determination of site suitability. Following hearings, the board found the site was not suitable for an auto salvage yard. Schurr appealed to the court of common pleas, which, after a de novo review, reversed the zoning hearing board and ordered the application approved.

The normal standard of review by a trial court, of an initial decision of a zoning hearing board, is limited to whether the board abused its discretion or committed an error of law. *Tohickon Valley Transfer, Inc. v. Tinicum Township Zoning Hearing Board,* 97 Pa. Commonwealth Ct. 244, 509 A.2d 896 (1986). However, in light of the specific terms of section 1011(2) of the MPC, and the circumstances under which section 1011(2) is applied, the basic standard of review is not appropriate when a trial court reviews a determination of a zoning hearing board following a section 1011(2) remand.

Section 1011(2) of the MPC provides:

**§11011. Judicial relief**

. . . .

(2)  If the court, in accordance with the standards provided in subsection (1), finds that an ordinance or map or a decision or order thereunder which has been brought up for review unlawfully prevents or restricts a development or use which has been described by the landowner through plans and other materials submitted to the governing body, agency or officer of the municipality whose action or failure to act is in question on the appeal, *it may order the described development or use approved as to all elements* or *it may order it approved as to some elements and refer other elements to the governing body, agency or officer having jurisdiction thereof for further proceedings,* includ-

ing the adoption of alternative restrictions, in accordance with the court's opinion and order.

. . . .

Upon motion by any of the parties or upon motion by the court, the judge of court may hold a hearing or hearings to receive additional evidence or employ experts to aid the court to frame an appropriate order. If the court employs an expert, the report or evidence of such expert shall be available to any party and he shall be subject to examination or cross-examination by any party. He shall. be paid reasonable compensation for his services which may be assessed against any or all of the parties as determined by the court. *The court shall retain jurisdiction of the appeal during the pendency of any such further proceedings and may,* upon motion of the landowner, *issue such supplementary orders as it deems necessary to protect the rights of the landowner as declared in its opinion and order.* (Emphasis added.)

The language and terms of the statute evidence the legislature's intention that, when the courts declare an ordinance invalid as exclusionary, the court will have broad discretion and power to protect the rights of the aggrieved landowner. As the late Judge KRAMER noted for this court in *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. · 404, 406, 333· A.2d 239, 246 (1975), section 1011(2) "gives the court virtually unlimited power of review over the plans submitted." ·

The circumstances under which section 1011(2) are applied must also be considered when identifying the appropriate standard of review by a trial court of a section 1011(2) remand. In these· cases, there is a judicial determination that the local zoning ordinance enacted

by the municipality is invalid as exclusionary. MPC section 1011(2) then gives the trial court an option to "refer" some elements to a local agency. Subsequent language in section 1011(2) identifies site suitability as one of such elements.

Of course, in evaluating the remedy for an exclusionary zoning ordinance, authorities of that same municipality are (1) doubtless knowledgeable with respect to the factual aspects, but (2) possibly not able to be entirely objective.

In *Sultanik v. Board of Supervisors of Worcester Township*, 88 Pa. Commonwealth Ct. 214, 488 A.2d 1197 (1985), our court recognized this dilemma, albeit in a slightly different context. In *Sultanik*, we discussed the scope of review of a decision of a municipality, when the municipality deems its own ordinance invalid and proceeds to offer the complaining landowner a measure of relief.

> However, the municipality's relief proposal cannot be regarded as unassailable. Nor should the local 'findings' be accorded their usual administrative weight (upheld if supported by substantial evidence and not arbitrary or capricious) when the MPC's emphasis upon the court's role, where the landowner must seek judicial aid, clearly indicates that the court is to examine the matter of relief de novo.

88 Pa. Commonwealth Ct. at 229, 488 A.2d at 1204.

Similarly in this instance, a finding of the township zoning board as to the remedy cannot be regarded as unassailably objective. Rather, the trial court should be able to treat the record created by the board as though the board were acting as a court-appointed master. Therefore, the trial court may properly conduct a de novo review of that record.

Having determined that the trial court used the correct scope of review, we must apply the appropriate scope of review to the trial court's determination that Schurr's proposed site for the auto salvage yard is a suitable one. This court has stated that "in a case . . . where the court below has made findings of fact and conclusions of law based upon the record presented to it under the provisions of article 10 of the MPC, our scope of review is to determine whether the court below abused its discretion or committed an error of law." *Gorski v. Township of Skippack,* 19 Pa. Commonwealth Ct. 346, 350, 339 A.2d 624, 626 (1975).

A careful review of the sound opinion of the panel of the Court of Common Pleas of Bucks County reveals no abuse of discretion or error of law.

As noted by the trial court, the board found the Schurr property unsuitable for a salvage yard on the following grounds:

1. The site will have an adverse effect on surrounding properties causing hazardous waste to enter the ground and water supply.

2. The site is a dangerous location for the type of traffic generated by an automobile salvage yard.

To support its conclusion that the Schurr site would not adversely affect the ground or surface waters of the surrounding area, the trial court points to the testimony of Charles Hower, a consulting engineer, and Dr. Shams Siddiqui, a hydrologist.

Hower testified that an underground sewage disposal system had been designed for the site, and that the system had been approved by the Department of Environmental Resources. Hower also testified that the proposed plan had been designed to satisfy the township Steep Slope Ordinance. Mr. Hower and Dr. Siddiqui both testified that a properly managed facility would not have a significant adverse effect on the nearby ground

and surface water supplies. In light of this testimony, the trial court had evidence on which to support its determination that the site would not have an adverse environmental effect.

With regard to the salvage yard's effect on local traffic, the trial court again points to the testimony of Mr. Hower. Hower testified that two acceleration/deceleration lanes on either side of Bridgtown Pike would lead to the site's entrance. Both of these lanes are to be 30 feet wide and approximately 150 feet in length; they are to flare out an additional 50 feet onto Schurr's driveway. Hower concluded by saying that Schurr's proposed entryway and driveway is the standard type of plan which is approved by the Department of Transportation. A traffic engineer, Edward Churchill, testified that the salvage operation would be a low traffic generator. Thus, there is substantial evidence to support the trial court's determination that the site would not generate a traffic hazard.

Accordingly, we affirm.

ORDER

Now, February 23, 1988, the order of the Court of Common Pleas of Bucks County, at No. 05159 of 1981, dated October 17, 1986, is affirmed.