607 A.2d 859

**COOLBAUGH TOWNSHIP BOARD
OF SUPERVISORS, Appellant,**

v.

**TIAB COMMUNICATIONS CORP., Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1991.

Decided April 20, 1992.

372

H. Clark Connor, for appellant.

Janet K. Marsh, for appellee.

Before CRAIG, President Judge, DOYLE, J. (P.), and LORD, Senior Judge.

DOYLE, Judge.

The Coolbaugh Township Board of Supervisors (Board) appeals from an order of the Court of Common Pleas of Monroe County directing the Township to grant the request of TIAB Communications Corporation (TIAB) for a curative amendment to the Township's zoning ordinance allowing for the installation of a broadcasting tower in Coolbaugh Township (Township).[1]

TIAB sought to erect a broadcasting tower on land it proposed to lease in the Township which was zoned Medium Density Residential. The Township's zoning ordinance did not allow for such a use anywhere in the Township. On October 5, 1989, TIAB filed a substantive challenge to the Township's zoning ordinance, together with a proposed curative amendment [2] pursuant to Section 609.1 of the Penn-

---

1. This opinion was reassigned to the opinion writer on February 5, 1992.

2. The proposed curative amendment provides as follows:

AN AMENDMENT OF THE COOLBAUGH
TOWNSHIP ZONING ORDINANCE
AS AMENDED

It is proposed that a new subparagraph being Section 804.14 be added to the Zoning Ordinance as follows:

Section 804.14—*PUBLIC UTILITY USES* Public utility uses, such as dial equipment centers, high voltage transmission lines, towers and antennas for communications broadcasting, and substations and other proposed installations necessary to serve the region or area, as opposed to surrounding properties, may be permitted in any zone district with a special exception permit, subject to the following conditions:

sylvania Municipalities Planning Code (MPC).[3] TIAB contended that the zoning ordinance improperly excluded towers and antennas necessary for broadcasting within the Township. TIAB's amendment would have allowed the installation of such equipment in any zone in the Township as a special exception.

The application containing the challenge and the proposed amendment were signed by both TIAB's president and the owner of the subject property, David Diernbach. The application form lists TIAB as a "proposed leaseholder." The record shows, however, that TIAB was not actually a lessee of Diernbach. TIAB's interest in the land was limited to a letter of intent from Diernbach to TIAB in which Diernbach expressed his willingness to lease an undesignated portion of his property to TIAB for an unspecified term and for an unspecified amount.

> a. The proposed installation in a specific location is necessary and convenient for the efficiency of the public utility system or the satisfactory and convenient provision of service by the utility to the neighborhood, area or region in which the particular use is to be located.
> b. The design of any building in connection with such facility conforms to the general character of the area and will not adversely affect the safe and comfortable enjoyment of property rights of the zone in which it is located.
> c. Adequate and attractive fences, noise barriers and other devices will be provided.
> d. A buffer strip five (5) feet in width and screening are provided and will be periodically maintained.
> e. Adequate off-street parking will be provided to meet the needs of the use.
> f. All of the area, yard and building coverage requirements of the respective zones will be met.
> g. All other items or details of construction or location are consistent with the intent of the Zoning Ordinance.

3. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10609.1. Section 609.1 provides in pertinent part:
> (a) A landowner who desires to challenge on substantive grounds the validity of a zoning ordinance or map or any provision thereof, which prohibits or restricts the use or development of land in which he has an interest may submit a curative amendment to the governing body with a written request that his challenge and proposed amendment be heard and decided as provided in section 916.1 [pertaining to the validity of ordinances; substantive questions].

Before TIAB had brought its challenge, on September 8, 1989, Northeast Pennsylvania Cellular Telephone Company (Northeast) had applied for a validity variance to allow it to install a communications tower for a cellular telephone system on land located in a Woodlands Conservation District. After being duly advertised on September 21 and 28, 1989, the application was considered and the variance was granted by the Township's Zoning Hearing Board (ZHB) at a meeting on November 9, 1989. At this time, the ZHB also made recommendations for amendment to the zoning ordinance which would cure the defect exposed by the application for the validity variance. These recommendations included restricting the location of communications transmission services and equipment, such as towers and antennas, to Woodland Conservation Districts.

TIAB's challenge and proposed curative amendment were advertised as mandated by the MPC and reviewed by the Monroe County planning commission, Township planning commission and Township zoning officer. A public hearing on TIAB's challenge was held by the Board on December 4, 1989. On January 16, 1990, the Board issued a decision finding that the Township's zoning ordinance was indeed defective in that it failed to provide for communications facilities. The decision also stated that the Board would begin to prepare and consider a curative amendment to correct the defect and that the Board would consider both the curative amendment proposed by TIAB and the amendment proposed by the ZHB in the wake of the granting of Northeast's validity variance.

On January 29, 1990, the Board adopted the curative amendment recommended by the ZHB which allowed communications and broadcasting towers only in the Township's Woodland Conservation Districts (low-density residential districts) by special exception. Based upon the adoption of this curative amendment, the land on which TIAB would erect its tower was excluded. The curative amendment as adopted by the Board is as follows:

### Section 804.14—*Communications Transmission Services Including Towers and Antenna for Communication Broadcasting*

Communications transmission services including towers and antennas for communications broadcasting and other similar activities are permitted in the W–C District subject to the following conditions:

A. The maximum building height shall be one story eighteen (18) feet in height.

B. Maximum tower and/or antenna in height: Any proposed tower, antenna or other such similar structure shall be situated or erected a distance from existing buildings or structures, property boundary lines and paved roads which distance shall be not less than 110 percent of the height of such proposed tower or antenna.

C. Applicant shall prove that the proposed use will not adversely impact the roads, sewer facilities, water supplies, schools and other public service facilities.

D. Applicant shall provide adequate proof that the proposed use will not adversely affect soils, slopes, woodlands, wetlands, flood plains, aquifers, natural resources and other natural features and shall show that the use is suitable for same in the site area.

E. Applicant shall provide sufficient proof that the proposed use shall have no adverse impact on the preservation of agriculture and to the land uses in the Township which are essential to the public health and welfare.

F. Applicant shall provide sufficient proof that the proposed installation shall be adequately secured and during those hours said installation is not manned, in person, that it shall be monitored consisting of at least a sound alarm on-site and off-site to a station that is manned during such times, designed to deter intruders or vandals.

G. The entire proposed installation shall be fenced in accordance with normally accepted practices and it shall be the burden of the Applicant to prove same to the Board.

H. Screening may be required by the Board where the proposed use is or may be visible from any public road or public area or from any other established use.

■ TIAB appealed to the Court of Common Pleas of Monroe County which held that the Board had committed an error of law and an abuse of discretion by denying TIAB's curative amendment for their proposed use in the Medium Density Residential District. The court directed the Board to grant TIAB's request. The Board now appeals.[4]

The Board raises several issues for our consideration. First, the Board argues that TIAB lacked standing to appeal the Board's decision to the court of common pleas because TIAB has no legal or equitable interest in the subject property. Next, the Board contends that TIAB's challenge to the zoning ordinance and Northeast's application for a validity variance were identical and that the Board was, therefore, bound by the prior decision of the ZHB pursuant to the principles of the doctrine of res judicata. The Board also suggests that the filing of an identical challenge to the zoning code by Northeast and the publication of the notice of hearing for that variance prior to the filing of TIAB's challenge was sufficient to invoke the pending ordinance doctrine. Finally, the Board argues that the location of broadcasting towers in medium and high density residential zones is not in the public interest, and that, therefore, the Board did not abuse its discretion in denying TIAB's curative amendment.

We begin by considering the Board's challenge to TIAB's standing to appeal the Board's decision. The Board argues that TIAB has no standing to appeal because it does not meet the definition of "landowner" as set forth in Section 107 of the MPC, 53 P.S. § 10107. That Section defines "landowner" as follows:

4. Our scope of review in a zoning case in which the trial court took no additional evidence is limited to a determination of whether the reviewing board committed an error of law or abused its discretion. *Patricca v. Zoning Board of Adjustment,* 527 Pa. 267, 590 A.2d 744 (1991).

the legal or beneficial owner or owners of land including the holder of an option or contract to purchase (whether or not such option or contract is subject to any condition), a lessee if he is authorized under the lease to exercise the rights of the landowner, or other person having a proprietary interest in land.

The Board cites *Metzger v. Zoning Hearing Board of the Township of Warrington*, 85 Pa.Commonwealth Ct. 301, 481 A.2d 1234 (1984), for the proposition that an agreement for a future interest in the subject property is insufficient to confer standing as a "landowner."

 We agree that TIAB, as a "proposed leaseholder," is not a "landowner" as defined in Section 107 of the MPC. However, we have held that the "lack of standing does not affect a court's jurisdiction and the failure to challenge a *zoning applicant's standing* before the Board constitutes a waiver of that claim." *Friedlander v. Zoning Hearing Board of Sayre Borough*, 119 Pa.Commonwealth Ct. 164, 167, 546 A.2d 755, 757 (1988) (emphasis added); *cf. Epting v. Marion Township Zoning Hearing Board*, 110 Pa.Commonwealth Ct. 389, 532 A.2d 537 (1987), *petition for allowance of appeal denied*, 518 Pa. 628, 541 A.2d 1139 (1988) (zoning hearing board itself has no standing to prosecute an appeal as an appellant from a reversal of its decision by a court).

In *McMullen v. Zoning Hearing Board of Harris Township*, 90 Pa.Commonwealth Ct. 119, 494 A.2d 502 (1985), appellants who described themselves as interested in leasing a building in Harris Township appealed the order of the common pleas court that affirmed the zoning hearing board's denial of their application for a variance. Judge Rogers addressed the standing question, in a footnote, as follows:

Section 914 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S.

§ 10914,[5] provides that a request for a variance may be filed with the zoning hearing board by a landowner or any tenant with the permission of such landowner. The appellants in this case were not tenants and produced no evidence that the owner approved of this application for a variance. However, the lack of standing or capacity to sue is not a jurisdictional question and, not having been raised below, is waived. *Erie Indemnity Co. v. Coal Operators Casualty Co.*, 441 Pa. 261, 272 A.2d 465 (1971).

*Id.* 90 Pa.Commonwealth Ct. at 120, 494 A.2d at 503 n. 1.

The Board did not raise the issue of TIAB's standing below. Therefore, this issue is waived in accordance with Pa.R.A.P. 302(a) which provides, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."

The Board next argues that the filing by Northeast of a challenge to the zoning ordinance and the publication of notice of the hearing on that challenge prior to the filing of the curative amendment by TIAB is sufficient to invoke the pending ordinance doctrine.

A pending ordinance which serves to correct defects in an otherwise invalid zoning ordinance and which is validly pending at the time of the filing of a curative amendment may serve as a justification for a municipality's denial of the curative amendment. *Kaufman and Broad v. Board of Supervisors, West Whiteland Township*, 65 Pa.Commonwealth Ct. 469, 472, 442 A.2d 1220, 1222 (1982). However, an ordinance is not validly pending until the governing body resolves to consider a new zoning ordinance, makes the proposal open to public inspection and advertises that the proposal will be considered at a forthcoming public meeting. *Id.*

In the case before us, Northeast filed a request for a variance on September 11, 1989. Notice of the hearing on

5. Section 914 was repealed by Section 94 of the Act of December 21, 1988, P.L. 1329.

this request was advertised in a local paper on September 21 and September 28, 1989. This notice provided in pertinent part:

> THE ZONING HEARING BOARD of Coolbaugh Township will hold a public meeting October 12, 1989 at 5:00 P.M. at the Coolbaugh Township Fire Company, Laurel Drive, Tobyhanna, PA.
>
> . . . .
>
> The specific purpose of the hearing is to hear and consider a request for a variance from the Zoning Regulations for a Woodland Conservation District to erect a 199 ft. tower and 12 × 32 ft. structure for radio/telephone transmissions. . . .

The above notice states that the purpose of the meeting is to consider a request for a *variance.* It does not advise the reader that the Township proposed to consider an amendment to the zoning ordinance. It is, therefore, insufficient as a matter of law to invoke the pending ordinance doctrine.[6] Thus, no amendment to the zoning ordinance was validly pending at the time TIAB filed its curative amendment.

▮▮▮▮ The Board's argument that, under the principles of res judicata, it is bound by the ZHB's decision in the Northeast application is without merit. It is well settled that res judicata will be applied only sparingly in zoning cases. *Bell v. Zoning Board of Adjustment,* 84 Pa.Commonwealth Ct. 347, 479 A.2d 71 (1984). Res judicata may be applied in zoning cases if four elements concur: (1) the identity of the things sued for; (2) the identity of the cause of action; (3) the identity of the persons and parties to the action; and (4) the identity of the quality in the persons for or against whom the claim is made. *Grim v. Borough of*

---

6. The insufficiency of this notice was recognized by the solicitor for the ZHB who, in a letter to the Recording Secretary of the ZHB, requested that the notice of Northeast's application for a validity variance be readvertised on two separate occasions prior to November 9, 1989. Although the revised notice invites public inspection of the plans for Northeast's tower, it does not inform the public that the ZHB is contemplating an amendment to the ordinance.

*Boyertown,* 141 Pa.Commonwealth Ct. 427, 595 A.2d 775 (1991). The Board clearly fails to demonstrate these requirements because the parties to the two actions and the relief sought in each are not the same. Thus, the doctrine of res judicata is inapplicable to the case before us.

Finally we address the Board's argument that the location of the tower in a medium density residential zone is not in the public interest. The Board cites Section 609.1(c) as requiring it to consider suitability of the site for the proposed use.

In *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa.Commonwealth Ct. 404, 333 A.2d 239 (1975), this Court considered the relief to be granted to an applicant who successfully challenged a zoning ordinance. The *Ellick* Court held:

> [I]f a governing body determines that its ordinance is defective, because it totally prohibits the use proposed by the challenging landowner, then the governing body must permit the challenging landowner, to develop his land as proposed in the 'plans and other materials' submitted with the challenge, provided, of course, that what is submitted is reasonable, and not injurious to the public health, safety, welfare and morals. The governing body may not totally prohibit the successful challenger's proposed development nor may it subject the proposed development to unreasonable and burdensome restrictions. The governing body may, however, subject the landowner's submitted plans to reasonable restrictions as may be otherwise properly provided for in its ordinance. To put it another way, the successful challenger will still be required to abide by all of the reasonable building requirements, density restrictions, safety measures, sewage regulations, and water requirements, as well as all other reasonable zoning, building subdivision and other regulations generally applicable to the class of use or constructions proposed by the landowner. (Citation omitted.)

*Ellick,* 17 Pa.Commonwealth Ct. at 411–12, 333 A.2d at 244–45.

Subsequently, in *Fernley v. Board of Supervisors of Schuylkill Township,* 509 Pa. 413, 502 A.2d 585 (1985), our Supreme Court quoted with approval the above language from *Ellick* and explained that approval of an applicant's plan is "not automatic but, instead, must be predicated on the suitability of the proposed site and various health and safety considerations." *Fernley,* 509 Pa. at 422, 502 A.2d at 589. The Court remanded the case to the common pleas court for "approval of appellants' proposed development unless [the Board of Supervisors] can show that appellants' plan is incompatible with the site or reasonable, preexisting health and safety codes and regulations relating to lands, structures or their emplacement on lands which the court determines apply to the development plan." *Id.,* 509 Pa. at 425, 502 A.2d at 591.

In *H & R Builders v. Borough Council of the Borough of Norwood,* 124 Pa.Commonwealth Ct. 88, 555 A.2d 948 (1989), the borough's zoning ordinance excluded townhouses and junkyards. In granting relief with respect to the townhouse exclusion, the Court determined that the Supreme Court's description of relief in *Fernley,* which adopted the above quoted language from *Ellick,* was the appropriate standard. The Court then remanded the case to the common pleas court with instructions that "the *Ellick* concept of relief as approved by the Supreme Court in *Fernley* " be applied. *Id.,* 124 Pa.Commonwealth Ct. at 102, 555 A.2d at 954.

▇▇▇▇▇▇ Guided by the principles expressed in *Ellick, Fernley* and *H & R Builders,* we will remand the case to the common pleas court with instructions to approve TIAB's proposed use unless the Board can show that the plan is incompatible with the site.[7] *Lower Southampton Town-*

---

7. Although the challenge of TIAB must be considered as deemed denied under Section 916.1(f)(3) of the MPC, 53 P.S. § 10916.1(f)(3), the Board never definitively rejected the application of TIAB to erect its proposed broadcasting tower on the site chosen in the R–2 district. TIAB argues in its brief that "no testimony was presented at the hearing [on December 4, 1989] which indicated that the erection of such facilities would create any adverse impact on the public" (brief at p. 4), and in its Land Use Appeal to the court of common pleas

*ship Board of Supervisors v. Schurr,* 113 Pa.Commonwealth Ct. 630, 537 A.2d 978 (1988), *petition for allowance of appeal denied,* 520 Pa. 622, 554 A.2d 513 (1988). Further, TIAB's proposed use is subject to applicable reasonable building requirements and safety measures as well as all other reasonable regulations generally applicable to special exceptions.[8]

## ORDER

NOW, April 20, 1992, the order of the Court of Common Pleas of Monroe County in the above-captioned matter is hereby reversed. This case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

This matter was argued before a panel consisting of Judge DOYLE, Judge BYER and Senior Judge LORD. Because of the conclusion of Judge BYER's service the case was submitted on briefs to President Judge CRAIG for his consideration as a member of the panel.

asserted, there "was no testimony at the hearing of December 4, 1989, which indicated any adverse impact as contemplated by the MPC" (Appeal at paragraph 13). The allegation was specifically denied by the Board in its Answer (paragraph 13) filed to the Appeal, but in further answer the Board states merely that the transcript of the public hearing "speaks for itself." After our independent review of the transcript, we find that TIAB's assertion is essentially correct and that its presentation substantially met the requirements of Section 609.1(c) of the MPC, 53 P.S. 10609.1(c).

8. In its order, the common pleas court remanded the case to the Board with instructions to grant TIAB's curative amendment. This was error. If a municipality determines that its zoning ordinance is defective, it may choose to cure that defect by an amendment other than that proposed by the challenger. *Ellick.* In the case before us, the Board chose to cure the defect in its ordinance by adopting an amendment proposed by the ZHB. Although a court may enter an order directing that a permit be issued to the successful challenger, it may not require that a curative amendment be enacted. *Board of Commissioners of Ross Township v. Harsch,* 78 Pa.Commonwealth Ct. 395, 467 A.2d 1183 (1983); Robert S. Ryan, Pennsylvania Zoning Law and Practice, § 9.6.9 (1990). Accordingly, we will reverse the court's order as it directs the Board to adopt TIAB's amendment.