632 A.2d 1076

**TIRE AMERICA, INC.**

v.

**ZONING HEARING BOARD OF MANCHESTER TOWNSHIP, YORK COUNTY, Pennsylvania, and Manchester Township,**

**Appeal of MANCHESTER TOWNSHIP, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Oct. 22, 1993.

266

David C. Keiter, for appellant.

Lavere C. Senft, for appellee.

Before CRAIG, President Judge, COLINS, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

Manchester Township (Township) appeals from the Order of the Court of Common Pleas of York County (trial court) which had reversed a decision of the Zoning Hearing Board of Manchester Township (Board). The Board had affirmed an order of the township zoning officer directing Appellee Tire America to remove a nonconforming free-standing sign on its property.

We are required to decide herein: 1) whether Tire America had the right to change the sign facing and lettering and thereafter to continue to use a previously existing nonconforming Meridian Bank sign; and 2) whether, because of a legal interpretation issued by the Board, Tire America is barred under the doctrine of *res judicata* from asserting that it has a legal nonconforming use.

We hold that Tire America was not barred by *res judicata* and agree with the trial court that Tire America had the right to change the lettering and continue to use the nonconforming bank sign. We therefore affirm.

## FACTS

The somewhat complex procedural history involves four separate actions decided by the Board. Only the fourth action involving the zoning officer's order to remove the sign (zoning case No. 92–01) is before us now.

In the first action commenced on September 12, 1990, Tire America filed an application with the Board at case No. 90–34 requesting a special exception to permit it to establish a retail tire store on an out-parcel of the North Mall shopping center in York County. The parcel had previously been occupied by Meridian Bank, Hill Financial and State Capital Savings and Loan.

In a second action, brought at the same time, but heard independently, North Mall Associates, the owner of the shopping center, filed an application at case No. 90–35 seeking permission to renovate certain signs on the entire North Mall property (R.R. 11a). A portion of the North Mall Application stated that:

> The Popeyes sign, the gasoline sign and the Meridian Bank sign will be renovated *at their current locations* as we sell or lease these smaller parcels for development.

(R.R. 16a) (Emphasis added).

On October 3, 1990, the Board approved both Tire America's request for a special exception in No. 90–34 "to establish

an automobile tire store" and North Mall Associates' application for signage special exceptions for the entire shopping center. One of the stated conditions of the sign approvals in North Mall's case No. 90–35 was:

Permission granted to renovate existing freestanding Mall ID signs within existing framework & sign sq. footage (including Meridian, Atlantic, Popeyes)

(R.R. 24a.) No one appealed the decisions in either No. 90–34 or No. 90–35.

On March 14, 1991, North Mall Associates filed a new application in No. 91–10 seeking "clarification" of the decision in case No. 90–35 and a variance to *renovate* free-standing signs, including the one on the parcel to be occupied by Tire America. The record is unclear whether Tire America was the legal owner or merely an equitable owner of its separate parcel when the variance application in No. 91–10 was filed, but in either event, although it could have become a party of record to North Mall's variance application, it did not. Also, we are unable to ascertain from our review of the record whether the hearing on North Mall's variance request was properly advertised with notice posted on the Tire America lot and notice mailed to the adjoining landowners as required by Sections 908(1) and 908(10) of the Pennsylvania Municipalities Planning Code (MPC).[1] In any event, on April 3, 1991, the Board denied North Mall's variance application in case No. 91–10 and stated that:

1. Applicant [North Mall] then requested a variance to renovate the existing sign frame on Lot # 4. Said sign frame is 8 feet by 8 feet; however, the applicant would propose a 4 foot by 15 foot sign frame to identify the Tire America store.

(Finding of Fact No. 1, R.R. 32a.)

The Board then entered the following Conclusions of Law:

1. The Zoning Hearing Board's earlier interpretation, as per [North Mall's] request, to treat all individual outparcels

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10908(1) and (10).

as part of the Mall complex eliminated individual outparcels from having individual free standing signs.

2. Section 1304D of the Zoning Ordinance indicates that a sign should be removed when circumstances leading to its erection no longer apply. Therefore, *since Meridian Bank ceased its operation at the Mall complex, the sign should have been removed.*

3. [North Mall] is requesting to renovate an abandoned sign on Lot # 4 which is being recognize [sic] as a part of the overall North Mall complex, and it is the intent of the Zoning Ordinance to keep areas from being cluttered with individual free standing signs.

4. [North Mall] has not demonstrated the requisite hardship necessary for the grant of the variance and, in particular, has not net [sic] the requirements of Section 1529 of the Manchester Township Zoning Ordinance regarding standards for variances.

(Conclusions of Law Nos. 1–4, R.R. 32a–33a) (Emphasis added).

No one appealed the order in No. 91–10 and the reproduced record does not indicate whether the Board ever mailed notice of its findings to Tire America pursuant to Section § 908(10) of the MPC.

Tire America took possession of the parcel and used the free-standing sign on the parcel, (formerly the Meridian Bank sign) apparently without changing the dimensions thereof. The Board issued a notice of violation to Tire America and ordered its removal. On November 26, 1991, Tire America filed an appeal to the Board from the notice of violation and the Board denied the appeal at a January 8, 1992, hearing. Tire America then filed an appeal with the trial court from the Board's decision requiring the removal of the free-standing sign. On February 18, 1992, the Township intervened. On January 26, 1993, the trial court sustained Tire America's appeal and reversed the Board's decision. The township appealed the trial court's decision to this Court.

## DISCUSSION

■ A critical issue in this case is whether Tire America was required to appeal the Board's decision in No. 91–10 denying it the use of its pre-existing nonconforming sign.[2] We note preliminarily that, although the zoning ordinance does not require a permit for or registration of a pre-existing nonconforming use, the MPC gives municipalities the right to require that nonconforming uses be registered. Section 1200 of the Manchester Township Zoning Ordinance states:

> Except as otherwise provided in this Article, the lawful use of ... structures existing at the effective date of the Ordinance may be continued, although such ... structure does not conform to the regulations specified by this Ordinance. . . .

Further, Section 1306B (Section 1206B of the 1986 amendments) of the Township Zoning Ordinance states:

> B. The following operations shall not be considered as creating a sign and shall not require a permit:
>
> 1. Replacing copy: The changing of the advertised copy or message on an approved painted or printed sign or on approved signs that are specifically designed for the use of replaceable copy.

"Where an owner is required or desires to seek a permit [for a nonconforming use] and the permit is denied, his remedy is an appeal through the normal zoning procedures." Robert S. Ryan, Pennsylvania Zoning Law and Practice § 7.1.9. Tire America did not require nor desire a permit.

The Township does not dispute that the bank sign, having been erected prior to the Township's zoning ordinance, was a legal nonconforming use when the property was occupied by Meridian Bank and its predecessors. It does argue, however, that because Tire America had failed to appeal the denial of North Mall's variance application in No. 91–10, the trial court

---

**2.** Where, as here, the trial court did not take any additional evidence, our scope of review is limited to determining whether the governing body committed a manifest abuse of discretion or an error of law. *McClimans v. Board of Supervisors of Shenango Township,* 107 Pa.Commonwealth Ct. 542, 544, 529 A.2d 562, 564 (1987).

erred when it reached the merits of the Board's decision to refuse the variance in the enforcement proceeding because Tire America had failed to appeal the denial of the variance. The Township contends that the time to challenge the merits of the Board's decision was at the time it was made, not in an appeal of an enforcement action. The Township relies upon *Stop, Cease and Desist Order, Application for Variance and Constitutional Challenge of U.S. Aluminum Corporation of Pennsylvania,* 123 Pa.Commonwealth Ct. 376, 383, 553 A.2d 1046, 1049 (1989), where this Court stated "our cases are clear that a timely appeal is the exclusive method of challenging a zoning board's decision." However, *U.S. Aluminum* is distinguishable. There, the property owner applied for zoning approval for a scrap shredder. In granting the approval, the Board set conditions restricting the owner's hours of operation of the shredder and he did not appeal. Later, when the zoning officer had issued an order against the same owner to cease and desist from operating in violation of the conditions, we held that because of *res judicata* principles, the owner was bound by the previous zoning decision.

However, it also well settled that *res judicata* will be applied only sparingly in zoning cases. Generally, the doctrine applies only if four elements concur: (1) the identity of the things sued for; (2) the identity of the cause of action; (3) the identity of the persons and parties to the action; and (4) the identity of the quality in the persons for or against whom the claim is made. *Schubach v. Silver,* 461 Pa. 366, 336 A.2d 328 (1975); *Bell v. Zoning Board of Adjustment,* 84 Pa.Commonwealth Ct. 347, 479 A.2d 71 (1984) (denial of *variance* does not bar owner from seeking approval for *nonconforming use* ); *Coolbaugh Township Board of Supervisors v. TIAB Communications Corp.,* 147 Pa.Commonwealth Ct. 371, 607 A.2d 859 (1992) (prior denial of *validity variance* to another party did not bar later application for *curative amendment* ).

We hold that in North Mall's previous variance application at No. 91–10, the cause of action was different, the parties were different and the relief requested was different. We

need not decide whether there is "an identity of the quality in the persons for or against whom the claim is made." It is sufficient here to note that the denial of a *variance* to the owner of the entire mall to renovate the existing sign by changing its size from eight feet by eight feet to four feet by fifteen feet is not a denial of the right to continue using the same sign without changing the dimensions thereof. Therefore, *res judicata* does not apply.

■ The trial court found, and we agree, that Tire America's right to continue the use of the Meridian Bank sign vested from the moment the Board granted the special exception in case No. 90–34, i.e. that Tire America's use of the sign "is a pre-existing nonconforming use permitted to continue under the applicable ordinance without seeking registration or other approval." Trial Court's January 26, 1993 Opinion at 26–27. The only approval Tire America needed in order to continue the use of the sign was the special exception granted by the Board in case No. 90–34. Tire America was not required to go back to the Board and obtain specific permission to use the sign.[3]

■ When North Mall Associates went before the Board seeking a "clarification" of the Board's earlier decision in case No. 90–35, the Board stated that its earlier decision only applied to the mall signs. At the same time, the Board also denied North Mall Associates application for a special exception to renovate the outparcel signs, including Tire America's sign. The Board's "clarification" and its denial of North Mall Associates' application had no effect on Tire America's pre-existing nonconforming use. Tire America had nothing to appeal from. Therefore, this "clarification" does not create a

---

**3.** In *Honey Brook Township v. Alenovitz*, 430 Pa. 614, 243 A.2d 330 (1968), the Pennsylvania Supreme Court stated that where township ordinance does not provide for the registration of nonconforming uses, the property owner may use the defense of nonconforming use in an equity action. Prior to the 1988 amendments to the MPC, the local agency would seek an injunction in equity. Now, the local agency sends an enforcement notice. As the trial court points out, the rationale behind the nonconforming use defense is equally applicable under these circumstances.

*res judicata* bar to prevent Tire America from continuing to use the nonconforming sign.

Because we find that Tire America's sign is a pre-existing nonconforming use and because its use thereof is not barred by the doctrine of *res judicata,* we affirm the order of the trial court.

## *ORDER*

AND NOW, this 22nd day of October, 1993, the order of the Court of Common Pleas of York County dated January 26, 1993, is hereby affirmed.