Dethlefson Appeal.

432

Argued May 7, 1969.   Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*William J. O'Brien,* for appellants.

*Donald J. Orlowsky,* for appellees.

Opinion by Mr. Justice Cohen, May 28, 1969:

Appellants, neighboring landowners to the property for which a variance was allowed, did not participate in the proceedings before the Board of Zoning Adjustment of Upper Darby Township or in the appeal to the common pleas court. They, nevertheless, have taken an appeal from the judgment of the lower court reversing the order of the Board. There is no authority to permit standing to take this appeal and it is therefore quashed.

The Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. (1969)   , §1003, grants a right to appeal to the court of common pleas to "any party" before the Board as well as any officer or agency of the municipality. Not having participated as a party before the Board, appellants must intervene under §1006 of the same act to become a party in the court of common pleas proceedings. These particular appellants were relegated thereunder to the rights of intervention under the Rules of Civil Procedure and, not having filed a petition in accordance therewith, nor having otherwise been permitted to intervene, were not before the lower court. Never having been a party before the lower court, appellants can not now obtain appellate review from this Court. Pennsylvania Municipalities Planning Code, supra, §1012. *Alloy Metal Wire Company, Inc., Appeal,* 329 Pa. 429, 432, 198 Atl. 448 (1938).

There is but one way to become a party litigant in a court and that is by appearing in the proceedings. Appearing as a witness is not the participation necessary to establish appellants' right to review.

Appeal quashed.