69 Pa. Commonwealth Ct. 292 (1982)
In Re: Petition for Referendum to Amend Home Rule Charter of City of Pittsburgh. Thomas Flaherty, An Individual Registered Voter etc., Appellant.
No. 2080 C.D. 1982.
Commonwealth Court of Pennsylvania.
Argued September 14, 1982.
October 1, 1982.
*293 Argued September 14, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, CRAIG and DOYLE.
Thomas M. Kerr, with him Paul H. Titus, Titus, Marcus & Shapira, for appellant.
D.R. Pellegrini, City Solicitor, with him Marvin A. Fein, Deputy City Solicitor, for appellee, City of Pittsburgh.
John M. Feeney, with him Charles P. Falk, Baskin and Sears, P.C., for appellee, Ben Woods.
OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 1, 1982:
Thomas Flaherty appeals an Allegheny County Common Pleas Court order sustaining Ben Woods' petition to set aside a Petition for Referendum to Amend the Home Rule Charter (Charter) of the City of Pittsburgh. We grant Woods' motion to quash the appeal.
On August 3, 1982, the Association of Community Organizations for Reform Now (ACORN) filed with *294 the Allegheny County Board of Elections (Board) a petition to place a referendum[1] on the November 2, 1982 ballot. The Board certified the question, after which Woods, a city councilman, petitioned to strike the referendum. Common pleas court scheduled the matter for hearing and the City of Pittsburgh, ACORN, and the Board were duly notified. Counsel for both the City and the Board entered their respective appearances, although no appearance was entered by ACORN. Flaherty, also a councilman, entered the proceedings solely as an amicus curiae. After extensive oral argument, the court below sustained Woods' petition and directed the Board to set aside ACORN's referendum petition. Flaherty appeals and Woods motions to quash.
The issue for our determination is straightforward  whether an individual, who has appeared solely as an amicus curiae in the court below, has standing to appeal a decision of that court.
Pa. R.A.P. 501 provides that:
Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom. (Emphasis added.)
Although "party" is not defined in the rules of appellate procedure, the definition found at Section 102 of the Judicial Code, 42 Pa. C.S. § 102, is instructive:[2]
"Party." A person who commences or against whom relief is sought in a matter. The term *295 includes counsel for such a person who is represented by counsel.
Flaherty neither commenced this action nor was relief sought against him. Rather, he entered below solely as an amicus curiae.[3] Consequently, he is not a "party" and thus has no standing to appeal.[4]
Flaherty's appeal is quashed.[5]

ORDER
Ben Woods' motion to quash Thomas Flaherty's appeal from Allegheny County Common Pleas Court order No. G.D. 82-14973, dated August 16, 1982, is hereby granted.
NOTES
[1] The referendum purported to amend the Charter to provide for the election of city council members by district rather than at large.
[2] The note following Pa. R.A.P. 102, Definitions, indicates that the definitions contained therein are based on 42 Pa. C.S. § 102.
[3] "Amicus curiae" literally means "a friend of the court." Black's Law Dictionary 75 (5th ed. 1979). This term applies to someone who interposes in a judicial proceeding to assist the court or who gives information on some legal matter before the court.
[4] We have found no Pennsylvania appellate decision directly on point with the instant case. It is well recognized, however, that an amicus curiae is not a party to an action and has no right to institute any proceedings therein. See Frank v. Peckich, 257 Pa. Superior Ct. 561, 590 n. 15, 391 A.2d 624, 638 n. 15 (1978) (per curiam) (SPAETH, J., filing an opinion in support of affirmance).
[5] At oral argument, Thomas Flaherty's counsel appeared to abandon Flaherty's appeal and indicated that he wished to pursue the appeal on the behalf of other unnamed persons. We find this argument to be even less meritorious (if that is possible) than his contention that Flaherty, as an amicus curiae, has standing to appeal.