Edward McMullen and Kenneth Smith, Appellants *v.* The Zoning Hearing Board of Harris Township, Appellee.

Argued May 6, 1985, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*H. Amos Goodall, Jr., Miller, Kistler & Campbell, Inc.,* for appellants.

*Benjamin Novak, Benjamin Novak & Associates,* for appellee.

OPINION BY JUDGE ROGERS, June 14, 1985:

Edward McMullen and Kenneth Smith (appellants), who describe themselves as interested in leasing a building in Harris Township, have appealed from an order of the Court of Common Pleas of Centre County, affirming the township zoning hearing board's (board) denial of their application for a variance.[1] The variance would have permitted the appellants to use a building located in an R-1 Residential Zoning District as a store for the display and sale of antique model trains.

The building is a one-room concrete block structure about 20 feet wide by 45 feet long. The building has no running water and is located on a parcel of land on which there is located an occupied single-family detached dwelling.

---

[1] Section 914 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10914, provides that a request for a variance may be filed with the zoning hearing board by a landowner or any tenant with the permission of such landowner. The appellants in this case were not tenants and produced no evidence that the owner approved of this application for a variance. However, the lack of standing or capacity to sue is not a jurisdictional question and, not having been raised below, is waived. *Erie Indemnity Co. v. Coal Operators Casualty Co.,* 441 Pa. 261, 272 A.2d 465 (1971).

The following uses are permitted in the R-1 Residential Zoning District:

1. Single family detached dwellings.
2. Child care centers.
3. Churches and other places of worship, parish houses and convents.
4. Public and private nursery, kindergarten, elementary and secondary schools, and post secondary schools.
5. Public parks and recreational areas.
6. Farm uses.

The following are permitted accessory uses:

1. Home occupations.
2. Customary uses accessory to the above; essential services.

The board denied the variance on the ground that the appellants had not shown that the subject building was unsuitable for any of the uses permitted in the R-1 district. The court of common pleas, without taking additional evidence, affirmed.

We must determine whether the zoning board committed an error of law or abused its discretion. One seeking a variance must prove that an unnecessary hardship is uniquely or peculiarly imposed upon the property he seeks to use by the zoning regulation from which he seeks relief and that the use he intends to make of the property by agency of the variance will not be detrimental to the health, safety or general welfare of the community. *Phelan v. Zoning Hearing Board of Lower Merion Township,* 19 Pa. Commonwealth Ct. 63, 339 A.2d 612 (1975).

The appellants' hardship evidence consisted of appellant McMullen's testimony:

Mr. Buckalew: Is there any way that this could be converted to residential since it is in a residential district?

Appellant McMullen: Ah, not that particular building. It is not really made for that . . . the owner would have to put quite a bid [sic] of money into it to make a living place and it really isn't conducive to that.

There was no suggestion that the witness had a background in construction work and, although it is true that unnecessary hardship may be proved by a showing that the premises can be converted to lawful use only at a prohibitive expense, *Philadelphia v. Earl Scheib Realty Corp.*, 8 Pa. Commonwealth Ct. 11, 301 A.2d 423 (1973), the quoted testimony does not show that the cost of converting the building to a residence would be prohibitive, or that the building cannot be used for other permitted principal or accessory uses.

Order affirmed.

ORDER

AND Now, this 14th day of June, 1985, the order of the Court of Common Pleas of Centre County in the above-captioned matter is affirmed.