649 A.2d 182

ABE OIL .COMPANY and C & G Realty Company,

v.

ZONING HEARING BOARD OF RICHMOND TOWNSHIP, and Farm and Home Oil Company and Board of Supervisors of Richmond Township,

Farm and Home Oil Company, Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 19, 1994.

Decided Oct. 17, 1994.

Gene M. Venzke, for appellant.

James M. Lillis, for respondents.

Before McGINLEY and NEWMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Farm and Home Oil Company (Farm and Home) appeals from the order of the Court of Common Pleas of Berks County that reversed the Zoning Hearing Board of Richmond Township's (ZHB) grant of variances to Farm and Home. We affirm.

Farm and Home filed an application with the ZHB, seeking relief from certain provisions of the Richmond Township Zoning Ordinance (Ordinance) to allow construction of a gas station and convenience store on a site of a former nursery located in a 2–C highway commercial district.[1] On March 2, 1993, the ZHB scheduled a hearing on Farm and Home's request for variances, notifying Abe Oil Company and C & G Realty Company (collective, Abe Oil). Abe Oil operates a gas station catty-corner to Farm and Home's proposed gas station and convenience store.

On April 6, 1993, the ZHB granted Farm and Home several variances from the Ordinance, in order to allow the proposed use, including variances from § 407.7 (maximum paved area requirements), § 407.8 (access and traffic control provisions), and § 506.2(d)(2) (permitted sign restrictions). On May 5, 1993, Abe Oil appealed the ZHB's decision.

Sometime between April 6, 1993 and May 5, 1993, Farm and Home amended its application for variance. Following the amended application, the ZHB issued a second decision, on May 11, 1993, six days after Abe Oil had appealed the initial decision. In the second decision, the ZHB granted Farm and Home the same relief and additionally granted Farm and Home's request concerning the rear yard requirements and the proposed canopy for the gas station. Abe Oil filed a second appeal to the trial court from this May 11, 1993 decision. Farm and Home and the Board of Supervisors of Richmond Township intervened in the appeals.

---

1. Farm and Home also requested a special exception. However, because a gas station and convenience store are permitted uses, the ZHB deemed the request for a special exception moot.

Without taking additional evidence, the trial court reversed the ZHB's decision concerning all of the variance relief granted. The trial court's order also vacated the ZHB's May 11, 1993 decision, stating that because Abe Oil had filed its appeal on May 5, 1993, that the ZHB did not have jurisdiction to issue its May 11, 1993 decision. Farm and Home now appeals to this Court.[2]

Farm and Home argues that the trial court erred in holding that: 1) the ZHB improperly issued an amended decision; 2) Abe Oil had standing to appeal the decision of the ZHB; and 3) substantial evidence did not support the grant of variances to Farm and Home.

## JURISDICTION

Farm and Home argues that the trial court erred in holding that the ZHB did not have jurisdiction to issue its amended decision. Farm and Home asserts that the ZHB retained the right to amend its initial decision because the ZHB "mistakenly omitted [certain variances] from its April 6, 1993 written decision." (Farm and Home's Brief at 13–14.)

■ Section 908(9) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10908(9), provides that a zoning board shall file a written decision within forty-five days after the last hearing concerning the proposed request. Section 1002–A of the Code, 53 P.S. § 11002–A, provides that all appeals from all land use decisions shall be taken to the court of common pleas within thirty days after the entry of the decision by a ZHB. Upon an appeal to the court, the zoning board is divested of any jurisdiction over the matter. 42 Pa.C.S. § 933(a)(3). The ZHB issued its initial decision on April 6, 1993. On May 5, 1993, Abe Oil filed a notice of appeal to the court of common pleas. Not until May 11, 1993, five days after Abe Oil was

2. Our scope of review, where the trial court does not take additional evidence, is limited to whether the ZHB committed a manifest abuse of discretion or committed an error of law. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

required to have perfected its appeal, did the ZHB issue an amended decision.

Based upon the law, the ZHB's amended decision, filed five days after the appeal was taken, was improper because the May 5, 1993 appeal taken by Abe Oil divested it of jurisdiction over the matter. The rationale of this divestment is obvious; otherwise, parties would be subject to piecemeal litigation followed by piecemeal appeals. Therefore, we hold that the trial court did not err in quashing the May 11, 1993 order of the ZHB granting the additional variances.

## STANDING

 Farm and Home also argues that Abe Oil did not have standing to appeal a decision of the ZHB because it did not suffer any direct injury from the grant of the variances. Farm and Home argues that Abe Oil's only challenge to the variance was as a business competitor and under *Nernberg v. City of Pittsburgh,* 153 Pa.Commonwealth Ct. 219, 620 A.2d 692 (1993), we held that a business competitor who alleges only violation of the general standards of a zoning ordinance, without any evidence or allegation of specific detriment to that business competitor, is improper since such business competitor has no standing to pursue such an appeal.

Farm and Home did not object to Abe Oil's appearance before the ZHB and did not raise this issue of standing when Abe Oil appealed the ZHB's decision to the court of common pleas. Farm and Home's failure to raise this issue until now, acts as waiver of any objection to Abe Oil's standing to appeal. *Friedlander v. Zoning Hearing Board,* 119 Pa.Commonwealth Ct. 164, 546 A.2d 755 (1988).[3] Therefore, we hold that Farm and Home waived its right to challenge Abe Oil's standing.

---

**3.** Even if standing had been raised below, we would hold that Abe Oil's status is not only as a business competitor, but as a "person affected" by Farm and Home's application. Section 908(3) of the Code provides:

> The parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board and any other person including civic or community organizations permitted to appear by the board....

## GRANT OF VARIANCE

Farm and Home argues that the trial court erred in reversing the ZHB's grant of a variance because substantial evidence supports such grant. The main thrust of this argument is that Farm and Home perceives the changes it proposes to the existing non-conforming use as being less burdensome to the property. However, that is not the standard for a grant of variance in Pennsylvania.

 The reasons for granting a variance must be substantial, serious and compelling and the party seeking the variance bears the burden of proving unnecessary hardship and absence of injury to the public interest. *Ventresca v. Exley*, 358 Pa. 98, 56 A.2d 210 (1948). The applicant must establish that the property would be virtually unusable and of scant value and that it would be virtually impossible to use the property in any fashion. *Polonsky v. Zoning Hearing Board*, 139 Pa.Commonwealth Ct. 579, 590 A.2d 1388 (1991). The trial court held that there was no evidence of record to establish any substantial, serious and compelling reasons for the grant of the variance. Farm and Home did not establish that the property would be virtually impossible to use in any fashion allowable in a C–2 zone. In fact, the testimony of Farm and Home's witness, Mr. Brogan, admits that there could be any number of uses for the property without the need for variances. (71a–72a.)

 Where an applicant fails to establish that the property has no reasonable use as zoned, then a variance is improper, whether or not the use is regarded as beneficial. *East Torresdale Civic Association v. Zoning Board of Adjustment*

53 P.S. § 10908(3). Abe Oil's property is directly affected because it is catty-corner from the proposed gas station, and Abe Oil expressed concerns about traffic and storm water runoff at the hearing, as did other adjacent property owners. The ZHB provided notice to Abe Oil of the hearing and permitted testimony from Abe Oil demonstrating that Abe Oil was an "affected person."

*of the City of Philadelphia*, 85 Pa.Commonwealth Ct. 12, 481 A.2d 976 (1984), *aff'd*, 508 Pa. 614, 499 A.2d 1064 (1985).[4] Therefore, because Farm and Oil failed to meet its burden for the grant of variances, regardless of whether or not its use was not detrimental to the public, the trial court did not err in reversing the ZHB's grant of a variance.

Accordingly, we affirm.

### ORDER

AND NOW, this 17th day of October, 1994, the order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby affirmed.

---

**4.** The requirement to show that there is no other use as zoned applies to requests for dimensional variances as we have here. *Lipari v. Zoning Hearing Board of the City of Easton*, 101 Pa.Commonwealth Ct. 302, 516 A.2d 110 (1986).