John BRENDEL and Zoning Hearing
Board of the Borough of
Ridgway,

v.

**ZONING ENFORCEMENT OFFICER
OF THE BOROUGH OF
RIDGWAY, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 7, 2001.

Decided July 9, 2001.

David S. Pontzer, Ridgway, for appellant.

Paul A. Barkus, Brookville, for appellees.

Before DOYLE, President Judge, KELLEY, Judge, FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

There are two issues before this Court. The first is John Brendel's (Brendel) Motion to Quash the appeal of the Zoning Enforcement Officer (ZEO) for the Borough of Ridgway (Borough). Resolution of this issue is necessary before we can consider the merits of the Borough's appeal from the order of the Court of Common Pleas for the 59th Judicial District (Cameron/Elk Counties) (trial court), which reversed the Zoning Hearing Board (ZHB). For the reasons contained herein, we grant Brendel's Motion to Quash.

Brendel was issued a citation by the ZEO for operating an auto wrecking/salvage/junkyard in an area not zoned for such activity and without a special exception to do so. Brendel appealed this fine to the ZHB of the Borough. The ZHB conducted a hearing to which Brendel and the Borough were parties.[1] The ZHB denied Brendel's appeal and upheld the citation. Brendel then appealed the determination to the trial court. The appeal named only the ZHB as Appellee. Although the Borough was not a named party, Brendel also served a copy of the appeal on the Borough.

---

1. According to counsel for the Borough at oral argument, the Borough delegated author-ity to the ZEO to be its agent and represent it before the ZHB.

Following a hearing on May 22, 1999, the court determined that the ZHB hearing record was incomplete and ordered an evidentiary hearing. This order was delivered to Brendel, the ZHB and the Borough. During these proceedings, the Borough did not enter an appearance or file notice to intervene, but did submit a trial brief, present testimony and submit a letter brief addressing testimony given at the hearing. The court sustained Brendel's appeal and deemed him not to be in violation of the Borough Zoning Ordinance because he was using the property for auto sales rather than a junkyard.[2] The Borough and the ZHB then filed separate motions for reconsideration. The trial court granted the ZHB's motion, but denied the motion for reconsideration by the Borough because it failed to intervene in the proceedings. Following reconsideration, the court reaffirmed its decision. The ZHB and the Borough separately appealed the matter to this Court. On October 13, 2000, the ZHB appeal (2241 C.D. 2000) was dismissed by this Court for lack of standing.

■ With regard to the Borough's appeal which is now before us, Brendel not only contests the merits but also asserts that the Borough's appeal should be quashed because the Borough lacks standing since it failed to intervene in this action as a party before the trial court.[3] The Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11609, "makes it relatively easy for a municipality to intervene ..." *Zoning Hearing Board of the City of Erie v. Burrows*, 136 Pa.Cmwlth.

689, 584 A.2d 1072, 1074 (1990). Section 11004–A of the MPC states:

> Within the 30 days first following the filing of a land use appeal, if the appeal is from a board or agency of a municipality, the municipality ... may intervene as of course by filing a notice of intervention, accompanied by proof of service of the same, upon each appellant or each appellant's counsel of record. All other intervention shall be governed by the Pennsylvania Rules of Civil Procedure.

Section 11004–A of the MPC, added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11004–A. The Borough failed to either file a notice of intervention or indicate to the trial court that it intended or was attempting to intervene. This failure is fatal to the Borough's appeal before this Court. *See Gilbert v. Montgomery Township Zoning Hearing Board*, 58 Pa.Cmwlth. 296, 427 A.2d 776, 779 (1981) ("A municipality will have standing to bring a zoning appeal to this court [Commonwealth Court] only if it properly becomes a party before the lower court, as appellant or intervenor.") as quoted in *Burrows*, 584 A.2d at 1074.

In opposition, the Borough argues that Brendel essentially waived the standing issue when it failed to object to the Borough's participation in the court proceedings. Upon citing the level of its involvement before the trial court, the Borough's argument suggests that since it was substantively an intervenor, then the procedural requirements should be discharged.

---

**2.** Brendel did not require a special use exception for the auto sales operation because this use was authorized by the Ordinance as a nonconforming use "grandfathered" before the effective date of the Ordinance.

**3.** Brendel also asserts that the Borough has failed to perfect its appeal under Pa.R.A.P. 902. We do not discuss this contention because Brendel's Motion to Quash is granted on other grounds.

We disagree. This Court has previously stated:

> Although Appellant was represented before the Board and participated at the trial court level by filing a brief and participating in oral argument, it failed to petition to intervene. Nor did Appellant indicate that it intended or was attempting to intervene. Participation at the trial court level without intervening is insufficient to be accorded standing to appeal. *See Dethlefson Appeal,* 434 Pa. 431, 254 A.2d 6 (1969) (participation as a witness at the trial court level is not sufficient to establish a right to review); *Flaherty Appeal,* 69 Pa. Cmwlth. 292, 450 A.2d 802 (1982) (one who appears as an *amicus curiae* before the trial court is not a party and does not have standing to appeal).

*Stanbro v. Zoning Hearing Board of Cranberry Township,* 130 Pa.Cmwlth. 84, 566 A.2d 1285, 1287 (1989).

■ The purpose of the MPC intervention requirements is to put Brendel on notice as to the status assumed by the Borough in the action. Mere participation in a matter before a court does not accord the participant "party" status; it would be unreasonable to place the burden on parties to challenge proactively the status of every non-party participant. If a municipality, currently not a party to the trial court proceeding in a land use appeal wishes to intervene, then that municipality must come forward, file a notice to intervene and then serve it on each counsel of record as required by the MPC. 53 P.S. § 11004–A.

The Borough relies on *Abe Oil Company v. Zoning Hearing Board of Richmond Township,* 168 Pa.Cmwlth. 120, 649 A.2d 182 (1994) for the proposition that Brendel has waived the issue of standing by not raising it in the trial court. This case is distinguishable because in *Abe Oil* the opposing party had the opportunity to object when Abe Oil appealed the ZHB decision to the Court of Common Pleas. Unlike Abe Oil, the Borough did not appeal the ZHB decision, but rather Brendel only became aware that the Borough was asserting party-status when it appealed from the Court of Common Pleas to the Commonwealth Court. Furthermore, we are cognizant that permitting Brendel to waive the Borough's standing requirement to appeal to this Court "would allow an opponent's action or inaction to enlarge the statutory right of appeal. . . ." *ACS Enterprises, Inc. v. Norristown Borough Zoning Hearing Board,* 659 A.2d 651, 654–55 (Pa. Cmwlth.1995) (citation omitted) (discussing the aggrievement requirement under Pa. R.A.P. 501).

Since the Borough was not adjudged an intervenor by the trial court, it was not a party to those proceedings and, therefore lacks the requisite standing to pursue this appeal. Accordingly, we will not consider the merits of the Borough's appeal. Brendel's Motion to Quash is hereby granted.

### ORDER

AND NOW, this 9th day of July, 2001, the Motion of John Brendel to Quash the appeal of the Zoning Enforcement Officer of the Borough of Ridgway in the above-captioned matter is hereby granted. The appeal is quashed.

DOYLE, President Judge, dissenting.

I respectfully dissent to the majority's decision to quash this appeal on the ground that Borough of Ridgway did not intervene in the proceedings before the

Common Pleas Court and, consequently, lacks standing to appeal to this Court.

The question of a party's lack of standing or capacity to sue is not a jurisdictional one and the issue may be waived. *Mixon v. Commonwealth*, 759 A.2d 442 (Pa. Cmwlth.2000); *Friedlander v. Zoning Hearing Board of Sayre Borough*, 119 Pa. Cmwlth. 164, 546 A.2d 755 (1988); *McMullen v. Zoning Hearing Board of Harris Township*, 90 Pa.Cmwlth. 119, 494 A.2d 502 (1985). In this case, while the Borough failed to file a formal petition to intervene in Brendel's appeal to the Common Pleas Court, the Borough nonetheless participated in the hearings, filed a trial brief and letter brief, and moved for reconsideration after a decision was entered in favor of Brendel. Brendel did not assert at any time during these proceedings that the Borough did not have standing as a party, and, in fact, the issue of Borough's party status was first raised sua sponte by the Common Pleas Court when it decided the Borough's motion for reconsideration. Therefore, I believe that Brendel waived the issue of the Borough's standing as a party to this action and, for that reason, would deny Brendel's motion to quash this appeal.[1] *See Pittsburgh Trust for Cultural Resources v. Zoning Board of Adjustment of the City of Pittsburgh*, 145 Pa. Cmwlth. 503, 604 A.2d 298 (1992), *petition for allowance of appeal denied*, 538 Pa. 618, 645 A.2d 1320 (1994) (where the City filed a petition to intervene outside of the 30 day appeal period, and where prior to filing its petition the City participated in a conciliation conference and submitted a brief, owners waived their right to object to the City's standing to intervene).

With regard to the merits of the appeal, I would affirm based on the reasoning contained in the Common Pleas Court's August 28, 2000 and September 18, 2000 opinions.

---

1. Brendel also asserted in his motion to quash that the Borough failed to perfect its appeal to this Court. The notice of appeal filed in this case states that the "Zoning Officer of the Borough of Ridgway hereby appeals to the Commonwealth Court of Pennsylvania," rather than stating that the Borough appeals to this Court. The Borough explains that it "appealed in this matter by and through its appointed official, the Zoning Enforcement Officer . . . ." (Answer to Motion to Quash at 1.) The Borough also explained that the attorney who submitted the notice of appeal, David S. Pontzer, represents the Borough in this matter.

   While it would have been preferable for the notice of appeal to have specifically named the Borough as the appellant, filing the notice under the name of the Borough officer who has authority to enforce the zoning ordinance does not, in my view, require this appeal to be quashed. Under Section 614 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10614, the Zoning Officer is the appointed zoning administrator of the Borough, and it does not make sense to view the Zoning Officer as a party distinct from the Borough. At most, the Borough committed a technical error in drafting the notice, which I would not characterize as a fatal defect mandating the dismissal of this appeal. *See In re McElhatton*, 729 A.2d 163 (Pa.Cmwlth.1999), *petitions for allowance of appeal denied*, 558 Pa. 644, 738 A.2d 459 (1999) and 557 Pa. 188, 732 A.2d 1157 (1999) (typographical error in a notice of appeal that incorrectly titled the "appellant" and "appellee" was not a fatal defect in the appeal).