In re Consolidated return of Real Estate TAX SALE HELD SEPTEMBER 10, 2003, BY the TAX CLAIM BUREAU OF the COUNTY OF LACKAWANNA under the Provision of the Real Estate Tax Sale Law of 1947 as Amended.

**Appeal of James A. Sposito.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 16, 2004.

Decided Sept. 29, 2004.

James A. Sposito, appellant, pro se.

David Z. Smith, Moscow, for appellee, Lackawanna County Tax Claim Bureau.

Joseph P. Kalinowski, Scranton, for appellee, D. Huston.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge, McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.

James A. Sposito, Esq. (Sposito) appeals from an order of the Lackawanna Court of Common Pleas (trial court) setting aside a tax sale for the reason that the sale should have been stayed by reason of the record owner's bankruptcy filing. Because Sposito was not a party in the proceeding before the trial court on the petition to set aside the tax sale, we quash the appeal.

Denise A. Huston and William A. Huston are the fee simple owners of unimproved property in the Township of Greenfield, Lackawanna County (Property). On July 21, 2003, Denise A. Huston (Huston) filed a petition with the United States Bankruptcy Court, Middle District of

Pennsylvania for relief under Chapter 13 of the Bankruptcy Code. On September 10, 2003, the Lackawanna County Tax Claim Bureau (Tax Claim Bureau) sold the property to the Sposito Realty Co.[1] at a tax upset sale. Huston's bankruptcy petition was dismissed on October 15, 2003, but it was still pending on the day of the Property's sale.

On October 22, 2003, the trial court, upon consideration of the Tax Claim Bureau's consolidated tax sale return, which included the sale of the Property, entered a confirmation *nisi* pursuant to Section 607(a) of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. 5860.607(a).[2] Unless objections are filed within thirty days of the confirmation *nisi,* a decree of absolute confirmation is entered. Section 607(c), 72 P.S. § 5860.607(c).[3] On November 20, 2003, two days before the objection period ex-

pired, Huston filed a petition to set aside the tax sale of the Property, asserting the sale had been barred by the automatic stay provisions of the Bankruptcy Code.[4] She served the petition on the Tax Claim Bureau and mailed a copy to Sposito. In response, the trial court issued a rule to show cause, rule returnable by December 19, 2003. Huston served the rule on both Sposito and the Tax Claim Bureau.

On December 19, 2003, the Tax Claim Bureau filed an answer to Huston's petition. On the same day, Sposito filed preliminary objections to the petition, asserting that the trial court did not have jurisdiction to set aside the tax sale based on the automatic stay of the bankruptcy proceeding and that Huston could not invoke the automatic stay because she had failed to serve a copy of her bankruptcy petition on the County.[5]

---

1. The record is not clear on the precise nature of the relationship between Sposito and Sposito Realty Co.

2. It states in relevant part:
   Within thirty (30) days of presentation of the consolidated return, if it shall appear to said court that such sale has been regularly conducted under the provisions of this act, the consolidated return and the sales so made shall be confirmed nisi.
   72 P.S. § 5860.607(a).

3. It states:
   (c) In case no objections or exceptions are filed to any such sale within thirty (30) days after the court has made a confirmation nisi, a decree of absolute confirmation shall be entered as of course by the prothonotary.
   72 P.S. § 5860.607(c)

4. 11 U.S.C. § 362 provides in relevant part:
   (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
   (1) the commencement or continuation, including the issuance or employment of

process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
   (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
   (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
   (4) any act to create, perfect, or enforce any lien against property of the estate;
   (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
   (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

5. Huston also filed preliminary objections to Sposito's preliminary objections.

Further, Sposito asserted that it was for the bankruptcy court, not the trial court, to decide whether the tax sale of the Property should be set aside.

On December 30, 2003, the trial court conducted a hearing on the petition to set aside the tax sale of the Property. The parties stipulated to the facts, and presented argument in support of their respective positions. Huston argued that because Sposito had not petitioned to intervene, he was not a proper party. She also argued that Sposito's preliminary objections, that were not timely filed, did not identify an interest separate from that of the Tax Claim Bureau and, thus, he lacked standing. Sposito countered that he was a party to the proceeding because he had been served with the rule to show cause.[6] Huston rejoined that the service was done as a courtesy and noted that Sposito's name did not appear in the caption, as required in order for him to be a party.

The trial court determined that the filing of Huston's bankruptcy petition automatically stayed all legal proceedings against Huston, with or without notice to the County, and granted her petition to set aside the tax sale. It also noted that,

[T]he record will reflect that although [Sposito] filed an answer in the form of a

preliminary objection, he did so without seeking leave of Court as require (sic) by the applicable Rules of Civil Procedure. Pa. R.C.P. 2329.[7]

Trial Court Opinion at 3.

Sposito filed an appeal[8] with this Court, presenting sixteen questions for our review. The salient question raised by Sposito is whether the trial court erred in deciding the impact of Huston's bankruptcy petition upon the tax sale of the Property, a question that Sposito contends was exclusively for the bankruptcy court to decide. The Tax Claim Bureau did not appeal the trial court's order, but it filed a brief in support of Sposito by its "pro bono" counsel, not its solicitor. Huston argues that the automatic stay triggered by the filing of Huston's petition was operative regardless of whether the County was given notice, and, therefore, the trial court's order was correct as a matter of law. She also argues that because Sposito never petitioned to intervene, he was not a party and lacks standing to appeal to this Court.

We consider, first, the question of Spositos ability to appeal the trial courts holding. Section 607(d) of the Real Estate

---

6. The Tax Claim Bureau did not "take a stand" on the question of Sposito's intervention and preliminary objections at the hearing, deeming it a matter between Sposito and Huston. Reproduced Record at 54a (R.R. ——).

7. Pa. R.C.P. No. 2329 provides:
   Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if
   (1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or

(2) the interest of the petitioner is already adequately represented; or
(3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

8. This Court's review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision lacking in supporting evidence or clearly erred as a matter of law.

*In re Dauphin County Tax Claim Bureau*, 834 A.2d 1229, 1232 n. 2 (Pa.Cmwlth.2003).

Tax Sale Law provides, "[i]n case any objections or *exceptions* are filed they *shall be disposed of according to the practice of the court.*" 72 P.S. 5860.607(d) (emphasis added). In this case, it appears that it was the practice of the trial court to require a successful bidder at an upset sale, such as Sposito, to intervene in order to become a party to a hearing on objections to an upset sale. Indeed, this appears to be the practice of our courts of common pleas when considering objections to a tax sale. *See, e.g., In re Sale of Real Estate By Montgomery Tax Claim Bureau for 1997 Delinquent Taxes,* 836 A.2d 1037 (Pa. Cmwlth.2003).

An individual not named in a proceeding may become a party, with all the rights and liabilities of a party, by filing a petition to intervene and obtaining leave of court to intervene. Pennsylvania Rule of Civil Procedure No. 2328(a) provides that a person seeking to intervene must file an "[a]pplication for leave to intervene by a petition in the form of and verified in the manner of a plaintiffs initial pleading in a civil action, setting forth the ground on which intervention is sought." Pa. R.C.P. No. 2328(a). Pa. R.C.P. No. 2327 denotes four categories of persons who may intervene, including one who may "be adversely affected by a distribution or other disposition of property in the custody of the court." Pa. R.C.P. No. 2327(2). Upon the filing of the petition and after hearing, the court is required to enter an order allowing or refusing intervention. Pa. R.C.P. No. 2329. A grant of intervention entitles the litigant to the rights and liabilities of a party. Pa. R.C.P. No. 2330.

Sposito was not a "named" party, and he did not petition to intervene.[9] At no point in the objection proceeding did the trial court enter an order granting Sposito party status. When Huston raised the question of Spositos status at the December 30, 2003 hearing, Sposito responded as follows:

> I think the tax claim bureau would have an obligation to give me notice or file a petition to add me as an additional party because I am the purchaser.

Reproduced Record at 65a (R.R. ———). Counsel for the Tax Claim Bureau asserted it did not, as a practice, join successful bidders when served with a petition to set aside an upset sale and disagreed that it had any such duty. Sposito declined to intervene. Indeed, he argued against his intervention by contending that

> The tax claim bureau has an obligation to me to defend a title they sold me in this manner.

R.R. 57a. Intervention may be refused where "the interest of the petitioner is already adequately represented." Pa. R.C.P. No. 2329(2).

Section 607(d) of the Real Estate Tax Sale Law gives the trial court the authority to determine the practice for disposing of objections to real estate tax sales. 72 P.S. 5860.607(d). This authority includes determining which persons can intervene in such a proceeding. The Real Estate Tax Sale Law does not make successful bidders, whose purchases have not been confirmed, parties to objection proceedings as a matter of course.[10] Sposito did not

---

**9.** We recognize that a trial court is not required to use the Pennsylvania Rules of Civil Procedure in tax sale proceedings. However, it is the practice of at least some trial courts to use the Rules of Civil Procedure where appropriate. *See, e.g., Plank v. Monroe Coun-*

*ty Tax Claim Bureau,* 735 A.2d 178 (Pa. Cmwlth.1999).

**10.** The Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, § 1004–A, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11004–A, authorizes "the mu-

intervene at the December 30, 2003, hearing, and he did not request or receive a definitive ruling from the trial court on whether he was a party. Based on this record, we conclude that he was not a party.[11]

■ Nevertheless, Sposito did participate in the December 30, 2003 argument before the trial court. Indeed, he contended that the trial court lacked jurisdiction to enforce the automatic stay of litigation against debtors in bankruptcy. Our decision in *Brendel v. Zoning Enforcement Officer of the Borough of Ridgway,* 780 A.2d 750 (Pa.Cmwlth.2001) addresses the question of whether a person who participates in a proceeding, but does not intervene in that proceeding, may appeal.

In *Brendel,* we considered whether a Borough is required to file a petition to intervene in a land use appeal governed by the Pennsylvania MPC.[12] The Borough was served with a notice of appeal from a decision of a Zoning Hearing Board that was filed with the trial court; however, it was not a named party. The Borough did not enter an appearance or petition to intervene, but it participated by filing a trial brief and presenting testimony and argument. The Borough did not prevail, and the trial court denied the Boroughs motion for reconsideration because it had failed to intervene in the proceedings.

The Borough appealed to this Court, arguing that it had standing to do so because of its involvement in the trial court proceeding.

> Participation at the trial court level without intervening is insufficient to be accorded standing to appeal. *See Dethlefson Appeal,* 434 Pa. 431, 254 A.2d 6 (1969) (participation as a witness at the trial court level is not sufficient to establish a right to review); *Flaherty Appeal,* 69 Pa.Cmwlth. 292, 450 A.2d 802 (1982) (one who appears as an *amicus curiae* before the trial court is not a party and does not have standing to appeal)(quoting *Stanbro v. Zoning Hearing Board of Cranberry Township,* 130 Pa.Cmwlth. 84, 566 A.2d 1285, 1287 (1989)).

*Brendel,* 780 A.2d at 752. The purpose of the intervention requirements is to put the parties on notice; mere participation does not confer "party" status on the participant. As we concluded in *Brendel,* any other result improperly places the burden on parties to challenge the status of every non-party participant.

■ Here, Sposito did not intervene or request a direct ruling from the trial court on whether he was a party. Mere participation, as we noted in *Brendel,* does not make one a party. In the absence of clear party status, Sposito cannot appeal,[13] "Except where the right of appeal is enlarged by statute, any party who is aggrieved by

nicipality and any owner or tenant of property involved in the [land use] appeal ... to intervene as of course...." By contrast, the Real Estate Tax Sale Law does not state what persons, "as a matter of course," may intervene in a hearing to set aside an upset sale. Under Pa. R.C.P. No. 2327(2), a successful bidder would seem an appropriate category of person for intervention.

**11.** For another day is the question of whether a trial court could refuse to allow a successful bidder to intervene in a proceeding brought under the Real Estate Tax Sale Law to object

to an upset sale prior to the sale's final confirmation.

**12.** *See* n. 10, *supra* (noting the differences between the MPC and the Real Estate Tax Sale Law with respect to intervention).

**13.** In any case, we do not agree with Sposito's claim that the trial court lacked jurisdiction to enforce the automatic stay on behalf of a debtor that has filed for protection against creditors pursuant to the Bankruptcy Code. Indeed, it was the obligation of the trial court to give effect to the automatic stay.

an appealable order ... may appeal." Pa. R.A.P. 501. Accordingly, an appeal by one who is not a party to a proceeding in the trial court must be quashed. *Mechanics' National Bank v. Buchman,* 253 Pa. 245, 97 A. 1056 (1916).

For these reasons, the appeal is hereby quashed.[14]

Judge PELLEGRINI concurs in the result only.

### ORDER

AND NOW, this 29th day of September, 2004 the appeal of James A. Sposito is hereby quashed.

---

**14.** The Tax Claim Bureau had taken no steps to perfect an appeal of the order of the trial court in this matter. As such, we need not address any arguments contained in its Brief.