IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kelly M. Coryea | : | **CASES CONSOLIDATED** |
| | : | |
| v. | : | |
| | : | |
| Mercer County Tax Claim Bureau | : | Nos. 1048 C.D. 2023 |
| | : | 1049 C.D. 2023 |
| Appeal of: Terence Whalen | : | Submitted: August 8, 2025 |

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED: November 19, 2025


Terence Whalen (Whalen) appeals from the August 9, 2023, order and September 8, 2023, orders of the Court of Common Pleas of Mercer County (trial court). The trial court's August 9, 2023, order (August 9th order) disapproved the private sale of property at 256 Logan Avenue in Sharon, Pennsylvania (the Property). The trial court's September 8, 2023, orders denied Whalen's petitions to intervene and for reconsideration and striking of the August 9th order. Upon review, we vacate the trial court's September 8, 2023, order denying Whalen's petition to intervene and remand for further proceedings in accordance with this opinion.

## I. Factual and Procedural Background

On July 11, 2023, Kelly M. Coryea (Coryea) filed an objection to a scheduled private tax sale of the Property by the Mercer County Tax Claim Bureau

(Bureau). Original Record (O.R.) at 2.[1] The record includes no documents prior to Coryea's filing. However, a private sale by a tax claim bureau must be preceded by an upset tax sale at which members of the public may bid on the property based on a minimum "upset price."[2] *In re Balaji Invs., LLC*, 148 A.3d 507, 510 (Pa. Cmwlth. 2016) (citing Section 605 of the Real Estate Tax Sale Law (RETSL),[3] 72 P.S. § 5860.605). If no bid at the upset sale equals or exceeds the upset price, the property may be scheduled for a private sale by the bureau at "any price approved by the bureau." 72 P.S. § 5860.613(a). Once notice of the sale is completed pursuant to RETSL procedures not at issue here, any interested party may petition the trial court to disapprove the sale, although challenges are limited to the sufficiency of either the notice or the bureau's proposed price. *Id*.; *Severino v. J.P. Holdings, LLC*, 303 A.3d 540, 544 (Pa. Cmwlth. 2023). Section 613(a) of the RETSL states that the trial court must hold a hearing at which "all parties" may be heard, after which the court "may either confirm or disapprove the sale as to it appears just and proper." 72 P.S. § 5860.613(a).

Whalen was the high bidder at the prior upset sale, but his bid of $500 evidently did not meet or exceed the upset price because a private sale was scheduled for September 2023. *See* O.R. at 4; Notes of Testimony (N.T.), July 28, 2023, at 2. Coryea's July 11, 2023, filing properly objected to the sufficiency of the Bureau's proposed price. Relevant to this appeal, the handwritten filing cover sheet for Coryea's objections indicated that a limited liability company, "KMC Property

---

[1] Original record and notes of testimony (N.T.) references are to electronic pagination.

[2] "The upset price is the sum of: 'all accrued taxes including taxes levied for the current year, whether or not returned,' and tax liens and claims." *In re Balaji Invs., LLC*, 148 A.3d 507, 511 (Pa. Cmwlth. 2016).

[3] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

Management" (KMC), was the plaintiff, and the objections were printed on KMC letterhead. O.R. at 1-2. However, the objections were phrased personally and signed by Coryea without an indication that she was representing KMC:

> Please consider this my formal objection for the Private Tax Sale of the [Property]. The reason for my objection is because the [P]roperty is to be sold for a consideration that is below market value. I am asking for a hearing to be scheduled so my objection can be made formally with a judge.

*Id*. at 2.

The trial court's prothonotary designated KMC as the plaintiff in the caption and the court held a hearing on July 28, 2023, at which Coryea, Whalen, and Bureau counsel appeared. N.T., July 28, 2023, at 1. Based on Whalen's bid and Coryea's objection, the trial court stated the normal course of action would be to cancel the sale and have a private auction.[4] *Id*. at 2. Bureau Counsel agreed and stated that she brought a proposed order to that effect. *Id*.

Whalen, who was not a party and had not yet sought to intervene, did challenge the merits of Coryea's objection to the upset price, and the trial court took no evidence on that issue. However, Whalen stated that as the high bidder and prospective owner of the Property, he had filed a suit challenging the City of Sharon's proposed demolition of the Property's garage, that he had obtained an injunction against the demolition, and that the pending litigation precluded any proceedings related to the disposition of the Property. *Id*. at 3-4.

---

[4] This approach is permitted by Section 613(a) of the RETSL, which states that if a private sale is disapproved, the trial court must set a minimum price for the property and if "more than one party agrees to pay the minimum price set by the court, the court shall direct the bureau to conduct an auction-style bid of the property among the parties to the proceedings." 72 P.S. § 5860.613(a).

Whalen also asserted that Coryea, who is not an attorney, could not represent KMC because it is a corporation, so her objection and even the hearing were void.[5] N.T., July 28, 2023, at 3. Whalen stated that a continuance was needed until Coryea obtained counsel to act on behalf of KMC, "[o]r she could re-file the matter as an objection to the tax sale under her personally, Kelly Coryea, instead of KMC[.]" *Id.*

The trial court stated that Whalen's lawsuit regarding the Property did not preclude the proceedings because pending litigation is not a valid objection in the context of RETSL and any buyer other than Whalen would claim the Property subject to his litigation. N.T., July 28, 2023, at 4-5. The trial court acknowledged Whalen's argument regarding Coryea's status and stated that "the easiest way to fix that is to go downstairs and just file an objection as a person as opposed to an LLC." N.T., July 28, 2023, at 5. The trial court then continued the hearing. *Id.* at 6-7. Later that day, Coryea filed a handwritten "amendment to objection" stating that she personally was the plaintiff, not KMC, and that filing was entered on the trial court docket. O.R. at 6 & 32.

The hearing resumed on August 9, 2023, with Coryea, Bureau counsel, and Whalen present. The trial court explained to Whalen that once Coryea amended her objection to clarify that it was *pro se*, that issue no longer barred her objection to the private sale and a private auction would be held after the hearing. N.T., Aug. 9, 2023, at 2-3. The trial court also indicated that Whalen's litigation "would be subject to the sale depending on who owns [the Property.]" *Id.*

The record includes the August 9th order, which states that the private sale of the Property was "disapproved and [the Property] shall be subject to an

---

[5] Whalen subsequently filed written versions of both challenges on the date of the hearing. O.R. at 4-5.

auction process immediately following this hearing and sold to the highest bidder." O.R. at 8. Relevant to this appeal, the order text is hand-dated August 9, 2023, and the order bears the trial court prothonotary's stamp stating it was filed on the same date. *Id.* It also includes a handwritten note in the bottom left corner stating that it was sent on August 10, 2023, to "Plaintiff" (Coryea); the Bureau; and "Atty Madden" (Bureau counsel). *Id.* The trial court docket lists the order on its chronology for August 9, 2023, and the docket entry text also states that the order is dated August 9th. *Id.* at 32. However, after replicating the order's text, the docket entry includes the following phrase: "TCN filed 8/10/23 CC: PLF, ATTY MADDEN and TAX CLAIM."[6] *Id.* at 32. The docket also states that "Rule 236 Notice"[7] of the order was provided to all parties on August 9th. *Id.* According to the trial court's subsequent opinion, Coryea was the high bidder at the post-hearing private auction for the Property. *Id.* at 70.

On September 7, 2023, Whalen filed counseled petitions to intervene in the litigation as the high bidder at the prior upset sale and for reconsideration and striking of the August 9th order. O.R. at 9-22. These petitions reasserted that because Coryea, a non-lawyer, could not represent KMC, her objections were void and could not be cured by her filing clarifying that she brought the objections *pro*

---

[6] "TCN" indicates the trial judge's initials.

[7] Pennsylvania Rule of Civil Procedure 236 states that trial court prothonotaries are to provide written notice and copies of trial court orders to the parties and note the giving of this notice in the trial court docket. Pa.R.Civ.P. 236(a)(2) & (b).

5

*se*. *Id*. On September 8, 2023, the trial court issued orders denying Whalen's petitions to intervene and for reconsideration without a hearing.[8] *Id*. at 23-24.

On September 11, 2023, Whalen filed counseled notices of appeal to this Court for the August 9th order (1048 C.D. 2023) and the September 8, 2023, orders (1049 C.D. 2023). O.R. at 25-26 & 35-36. The notice of appeal for the August 9th order states that it seeks to appeal the trial court order "dated August 9, 2023, and entered on the [trial court] docket on August 10, 2023, as evidenced by the attached copy of the docket entry." *Id*. at 36.

In its subsequent opinion, the trial court explained that although Coryea's objection was filed on KMC letterhead and the filing cover sheet indicated that KMC was the plaintiff, Coryea "used personal pronouns in the body" of the objection and signed it personally rather than on behalf of KMC; to the trial court, the filing had indicia of being *pro se*. O.R. at 68. The trial court stated that once Coryea amended her initial filing to clarify that her objection was *pro se*, any "ambiguity" as to her status was resolved. *Id*. at 69.

Regarding Whalen's petition to intervene, the trial court observed that at both hearings, Whalen was present and participated fully even though he had not yet sought to intervene in this matter. O.R. at 67-69. The court stated that it fully

---

[8] The trial court's record and docket do not include a separate order denying Whalen's motion to strike the August 9th order. However, the trial court stated in its opinion that it denied both motions. O.R. at 68. Whalen's motions for reconsideration and to strike were identically worded and the draft orders he provided with the motions both asked the court for reconsideration. *Id*. at 13-22. In Whalen's brief, he does not differentiate between the motions for reconsideration and to strike, focusing instead on the merits of the trial court's determination that Coryea could cure the defect in her original filing by amending the objection to clarify that it was *pro se*. *Id*. We conclude that the trial court's denial of Whalen's motion to reconsider, using one of Whalen's identical draft orders, tacitly also denied his motion to strike, and we will treat them in this appeal as equivalent to a request that the trial court reconsider its August 9th order and, if reconsideration led it to a different outcome, to strike the order.

6

considered the merits of Whalen's issues before it disapproved the scheduled private sale. *Id*. at 69-70.

On January 18, 2024, this Court issued an Order consolidating Whalen's appeals and instructing the parties to address the timeliness of Whalen's September 11, 2023, appeal to this Court of the trial court's August 9th order in addition to arguments on the merits. Order, Jan. 18, 2024, at 1-3. This matter is now ripe for review.

## II. Issues and Arguments

Regarding the timeliness of his appeal, Whalen argues that the trial court docket entry for the August 9th order disapproving the private sale amounted to a breakdown of the judicial system because it indicated filing dates of both August 9th and August 10th. Whalen's Br. at 13-14. This would result in an appeal deadline of either September 8, 2023, which would make Whalen's September 11, 2023, appeal filing untimely, or September 11, 2023, which would make that filing timely. *Id*. Coryea responds that the August 9th order was filed and stamped on August 9th, as set forth on the docket, which set a 30-day appeal period ending on Friday, September 8, 2023. Coryea's Br. at 12. As such, Coryea maintains that Whalen's appeal filed on Monday, September 11, 2023, was untimely. *Id*. at 13. Coryea states that the inclusion of "FILED 8/10/23" in the text of the docket entry did not alter the order's formal filing date of August 9th and that there was neither a breakdown nor an ambiguity, particularly because Whalen was in the courtroom when the trial court signed the August 9th order. *Id*. at 13-14.

Regarding intervention, Whalen asserts that as the highest bidder at the upset sale, he had a sufficient interest in the outcome of Coryea's objections to grant

7

his petition to intervene. Whalen's Br. at 14-15. Coryea responds that Whalen's petition to intervene was moot because he had been present at and participated in the hearings even though he was not a formal party to the litigation at the time. Coryea's Br. at 22.

On the merits, Whalen asserts that the trial court erred in allowing Coryea to amend her *pro se* objection to clarify that it was on her own behalf rather than for KMC, which is her LLC. Whalen's Br. at 16-17. Whalen argues that Coryea's error could not be cured by amendment and that the only remedies available to the trial court were to order her to secure counsel on behalf of KMC or to nullify her objection. *Id*. at 16-17. Coryea responds that the trial court had discretion to allow her to amend her *pro se* objection to clarify that it was on her own behalf and not for KMC, that the amendment cured any technical defect in her original filing, and that there is no basis in the law for Whalen's position that the defect in the original filing rendered Coryea's objections void *ab initio*. *Id*. at 15-22.[9]

Before Whalen's arguments for *nunc pro tunc* relief and on the merits may be addressed, his party status, including his right to appeal the trial court's orders to this Court, must be resolved. We now address that issue.

### III. Discussion

Pennsylvania Rule of Civil Procedure 2327 states:

> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

---

[9] The Bureau did not file a timely brief and was ultimately precluded from doing so by this Court's October 9, 2024, Order.

(1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

(3) such person could have joined as an original party in the action or could have been joined therein; or

(4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa.R.Civ.P. 2327.[10] This Rule operates in concert with Pennsylvania Rule of Civil Procedure 2329, which states:

Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if

(1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or

(2) the interest of the petitioner is already adequately represented; or

(3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

---

[10] On review of a trial court's ruling on a petition to intervene, we are limited to determining whether the trial court abused its discretion or committed an error of law. *Larock v. Sugarloaf Twp. Zoning Hearing Bd.*, 740 A.2d 308, 311 n.5 (Pa. Cmwlth. 1999).

Pa.R.Civ.P. 2329.

Considering these rules together, if the petitioner is within one of the classes described in Rule 2327, the allowance of intervention is mandatory unless one of the grounds for refusal under Rule 2329 is present. *Larock v. Sugarloaf Twp. Zoning Hearing Bd.*, 740 A.2d 308, 313 (Pa. Cmwlth. 1999). Thus, the trial court is given discretion to allow or to refuse intervention only where the petitioner falls within one of the classes enumerated in Rule 2327 and one of the disqualifying grounds under Rule 2329 is present. *Id.*

"Generally, the trial court conducts a hearing on a petition to intervene to allow the petitioner an opportunity to establish that the requirements for intervention have been met." *Wexford Sci. & Tech., LLC v. City of Pittsburgh Zoning Bd. of Adjustment*, 260 A.3d 316, 324-29 (Pa. Cmwlth. 2021) (concluding that the proposed intervenors established a legally enforceable interest under Rule 2327(4) but remanding for a hearing because trial court's stated reasons for denying intervention under Rule 2329 required further factual development).

In RETSL matters, "mere participation does not confer 'party' status on the participant." *In re Tax Sale Held Sept. 10, 2003 by Tax Claim Bureau of Cnty. of Lackawanna*, 859 A.2d 15, 19 (Pa. Cmwlth. 2004). The RETSL "does not make successful bidders, whose purchases have not been confirmed, parties to objection proceedings as a matter of course." *Id.* at 18. Rather, "successful bidders must petition to intervene in order to be considered parties in an objection proceeding[.]" *In Re Lehigh Cnty. Tax Claim Bureau Upset Sale of Sept. 19, 2018*, 263 A.3d 714, 719 (Pa. Cmwlth. 2021). In the absence of party status, an individual has no appeal rights. *In re Tax Sale Held Sept. 10, 2003*, 859 A.2d at 19-20.

10

Here, the trial court denied Whalen's September 7, 2023, petition to intervene on September 8, 2023, without holding a hearing. O.R. at 24. In its opinion, the trial court acknowledged the denial but stated that it considered the merits of Whalen's arguments before issuing its August 9, 2023, order disapproving the scheduled tax sale and ordering the post-hearing auction. *Id*. at 68. The trial court added that "notwithstanding" its ultimate denial of Whalen's petition to intervene, he "was present and spoke at" the July 2023 and August 2023 hearings. *Id*.

Coryea asserts that because Whalen participated in both trial court hearings, he effectively became a party and his petition to intervene, which was filed nearly a month after the August 9, 2023, hearing, was moot. Coryea's Br. at 10 & 22. While Whalen's written petition to intervene was not filed until after the trial court's August 9, 2023, final order, both the trial court and Coryea agree that Whalen's interests were presented during the hearings. However, Whalen asserts that the trial court should have held a hearing on his petition to intervene and that his interests were not adequately represented before the trial court. Whalen's Br. at 14-15.

Whalen was indeed present and spoke at both hearings and the trial court did address the merits of his challenges to Coryea's objections. *See* N.T., July 28, 2023; N.T. Aug. 9, 2023; O.R. at 68. However, it is unclear from the record and the trial court's opinion why the trial court denied Whalen's petition to intervene after allowing him to speak at the hearings and considering his challenges. Moreover, the trial court's denial of Whalen's petition to intervene deprived Whalen of the right to appeal the August 9th order, which negated his interest in the Property and effectively put him out of court. *See In re Tax Sale Held Sept. 10, 2003*, 859

11

A.2d at 19-20. As such, the trial court's failure to hold a hearing deprived Whalen of a forum to establish his eligibility for full party status, particularly his appeal rights, and amounted to an abuse of discretion.

## IV. Conclusion

Accordingly, we vacate the trial court's September 8, 2023, order denying Whalen's petition to intervene. This matter will be remanded for the trial court to hold a hearing on the petition to intervene and issue an order thereon within 90 days of the date of our Order herein. The trial court shall submit a copy of its post-remand order to this Court within 10 days of issuance of that order. Whalen's September 11, 2023, appeal date to this Court of the trial court's August 9, 2023, order is preserved for consideration of *nunc pro tunc* relief along with the merits.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelly M. Coryea : **CASES CONSOLIDATED**
:
v. :
:
Mercer County Tax Claim Bureau : Nos. 1048 C.D. 2023
: 1049 C.D. 2023
Appeal of: Terence Whalen :

# **O R D E R**

AND NOW, this 19th day of November, 2025, September 8, 2023, order of the Court of Common Pleas of Mercer County, which denied Whalen's petition to intervene without a hearing is VACATED. This matter is REMANDED for the trial court to hold a hearing on the petition to intervene and issue an order thereon within 90 days of the date of our Order herein. The trial court shall submit a copy of its post-remand order to this Court within 10 days of issuance of that order. Whalen's September 11, 2023, appeal date to this Court of the trial court's August 9, 2023, order is preserved for consideration of *nunc pro tunc* relief along with the merits.

We relinquish jurisdiction for the limited purpose set forth herein and retain jurisdiction over Whalen's appeal from the trial court's August 9, 2023, order, which is docketed at 1048 C.D. 2023.

_____
CHRISTINE FIZZANO CANNON, Judge